The WEBSTER MOTOR CAR CO. and Richard D. Webster, Plaintiffs,

v.

PACKARD MOTOR CAR CO. et al., Defendants.

Civ. A. No. 674–53.

United States District Court District of Columbia.

June 30, 1955.

William E. Leahy and William J. Hughes, Jr., Washington, D. C., for plaintiffs.

Harold L. Smith and Jerome G. Shapiro, New York City, and Robert W. Barker and Louis M. Denit, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The fixing of attorneys' fees is always a delicate task. It is not fair to anyone to attempt to fix them on an hourly or a daily basis. The matters that have to be considered are the magnitude and the complexity of the issues involved, the standing of counsel at the bar—and in this case plaintiffs are represented by a leader of the bar and, I might also say in passing although it

may be irrelevant, the defendants are represented by very able counsel—the skill exercised and the result achieved. All these imponderables and intangibles must be considered in fixing fees rather than the time involved, just as a surgeon who performs a delicate and dangerous operation does not fix his fee on the basis of the number of minutes that the operation took, but rather on the whole situation.

There is one element in this case that makes the task of the Court a little easier than it otherwise would be. Although there are some expressions to the contrary, it is the view of this Court that in such a case as this, it is not the function of the Court to fix the fee that counsel should charge his client, and then assess that against the defendant. My conception is that it is the duty of the Court to determine what contribution should be made by the defendant toward the fees of plaintiffs' counsel. I say that lest there be any misunderstanding. It is not my intention to determine or express an opinion or even an intimation how much plaintiffs' counsel should charge his client. I might say in passing that in my opinion the amount that the plaintiffs' counsel is entitled to charge his client is much larger than the amount I intend to award as the amount to be paid by the defendants.

The Court is not unmindful of the fact, too, that the triple damage provision, although it has a salutary purpose as a matter of public policy, sometimes weighs heavily on defendants, and is in itself a severe and burdensome penalty.

The Court has read the cases which the plaintiffs cite in their memorandum, and has endeavored to analyze them.

In the case of Cape Cod Food Products v. National Cranberry Ass'n, D.C., 119 F.Supp. 242, the single damages awarded by the jury were $175,000. The attorneys' fees allowed by the emi-

nent jurist who presided at the trial of that case amounted to $35,000. If this Court's calculation is correct, that was twenty percent of the single damages.

In Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 8 Cir., 194 F.2d 846, 858–859, the single damages awarded by the jury were $375,000. The District Court had allowed a counsel fee of $150,000. The Court of Appeals for the Eighth Circuit in an opinion written by Chief Judge Gardner reduced that amount to $100,000. This Court has calculated that to be 26.6, approximately, percent of the single damages.

In Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 190 F.2d 561, decided by the Court of Appeals for the Seventh Circuit, the single damages awarded by the District Court were, approximately, $432,000, and the counsel fee was $225,000. The Court of Appeals reduced the single damages to, approximately, $313,000, and the counsel fees to $75,000, which this Court calculates to have been 24 percent.

The case cited by defense counsel, Paramount Film Distributing Corp. v. Applebaum, 5 Cir., 217 F.2d 101, 103, was decided by the Court of Appeals for the Fifth Circuit, and involved treble damages of $450,000, which means $150,000 single damages. The attorneys' fees allowed were $40,000.

Using these cases as more or less of a yardstick, the Court is going to award a counsel fee of $45,000, which would be about 23 or 24 percent of the single damages. That is within the framework of the cases relied upon by counsel. The Court will allow an attorneys' fee of $45,000.

The Court repeats that this is not to be taken as an intimation of what the plaintiffs' counsel should charge his client, but merely a direction that this should be the contribution which the defendants should make to the counsel fees.