Roy W. DARDEN and Roy Darden Industries, Inc., Appellants,

v.

Jesse H. BESSER, Besser Manufacturing Company and Stearns Manufacturing Company, Inc., Appellees.

No. 13278.

United States Court of Appeals
Sixth Circuit.

July 1, 1958.

James P. Burns, Washington, D. C., and Vernon H. Doane, Burns, Doane, Benedict & Irons, Washington, D. C., Justin L. Giltner, Detroit, Mich., on the brief, for appellants.

Leslie W. Fleming and Rockwell T. Gust, Detroit, Mich., Carl R. Henry, Alpena, Mich., James D. Ritchie, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., on the brief, for Jesse H. Besser and Besser Mfg. Co., appellees, Stanley L. Fildew, Fildew, DeGree, Fleming & Gilbride, Detroit, Mich., on the brief, for Stearns Mfg. Co., appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In an action for treble damages for violations by appellees of the Clayton Act (15 U.S.C.A. § 15) and the Sherman Act (15 U.S.C.A. §§ 1 and 2), the district court awarded the corporate appellant Roy Darden Industries, Inc., $45,000, "being treble the damages sustained" by that company as a result of the unlawful acts of the defendants-appellees; and awarded the corporation recovery from appellees of its costs in the suit and attorneys' fees in the amount of $10,000. It was adjudged further that the individual plaintiff, Roy Darden, president of the corporation, should recover nothing of the defendants.

After careful review of the record in the case and due consideration of the briefs and oral arguments of the attorneys, we are unable to say that the findings of fact of the district court and its conclusions of law thereon are clearly erroneous in respect to the award of $45,-000 damages, though the compensation allowed seems quite low in the circumstances. Nor can we say that error inheres in the denial of recovery by Roy W. Darden, individual plaintiff.

But we are of opinion and so hold that, where the statute requires allowance of "a reasonable attorney's fee," the trial court abused its appropriate discretion in allowing the attorneys for the plaintiffs-appellants an inadequate award of only $10,000 in attorneys' fees for their excellent professional services. The successful prosecution of the corporate plaintiff's suit required learning, skill and experience in the field of litigation involved and the expending of a tremendous amount of time and labor by the attorneys.

At the hearing held upon the issue of appropriate attorneys' fees, it was proved by uncontroverted testimony that plaintiffs' attorneys had devoted a total of 2126 hours exclusively to this litigation. A Detroit attorney, whom the district judge described as "a highly respected and competent member of the local bar," after careful study of the issues presented and the proceedings involved and considering the usual elements in relation to the fixing of reasonable attorneys' fees, testified that a reasonable fee for appellants' attorneys in the instant case would be $72,000. No contrary proof was adduced. Indeed, cross-examination of the witness was waived.

While the allowance of reasonable attorneys' fees is always a matter of delicacy—either when billed by the attorneys themselves or when fixed by the courts—the object always, of course, is to allow just and fair compensation for the services rendered, considering the time and skill employed, the experience brought to bear, and the result achieved. In the light of these considerations, we think a minimum fee, to the attorneys for appellants in this case, should have been $30,000.

Accordingly, the judgment of the district court is reversed in this aspect alone; and in all other aspects is affirmed. The cause is remanded, with directions that the district court enter judgment in favor of appellants' attorneys in the amount of $30,000.