**RADIANT BURNERS, INC., Plaintiff-Appellant,**

v.

**PEOPLES GAS, LIGHT AND COKE COMPANY, Natural Gas Pipeline Company of America, Texas-Illinois Natural Gas Pipeline Co., Crown Stove Works, Northern Illinois Gas Company, Florence Stove Company, Sellers Engineering Company, Gas Appliance Service, Inc., Autogas Corporation, Norge Sales Corporation and American Gas Association, Inc., Defendants-Appellees.**

No. 12638.

United States Court of Appeals Seventh Circuit.

Dec. 3, 1959.

Rehearing Denied Jan. 27, 1960.

Charles F. Marino, Chicago, Ill. (Joseph Keig, Sr., John O'C. FitzGerald, Victor Neumark, Chicago, Ill., on the brief), for plaintiff-appellant.

Samuel Weisbard, George J. O'Grady, and Clarence H. Ross, Chicago, Ill. (Ross, McGowan & O'Keefe, Chicago, Ill., of counsel), for defendant-appellee.

Robert W. Murphy, James W. Good, Jr., Chicago, Ill., Horace R. Lamb, New York City, Charles K. Bobinette, Chi-

**198**

cago, Ill. (LeBoeuf, Lamb & Leiby, New York City, of counsel), for American Gas Association, Inc., defendant-appellee.

Harold A. Smith, Justin A. Stanley, Robert E. Cronin, A. Daniel Feldman, Chicago, Ill., for defendant-appellee, Northern Illinois Gas Co.

Before HASTINGS, Chief Judge, DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Radiant Burners, Inc., plaintiff-appellant, (herein called plaintiff) a manufacturer of conversion gas burners and gas furnaces brought suit in the District Court seeking recovery of treble damages from and injunctive relief against defendants-appellees. Plaintiff's second amended complaint charged defendants with conspiracy and combination, in violation of 15 U.S.C.A. § 1, for the purpose of controlling the manufacture, sale, use and installation of gas burners and gas heating devices and restraining the trade and commerce of manufacturers of such devices in a manner thereinafter described. The defendants-appellees are American Gas Association, Inc., (herein called AGA); Peoples Gas, Light & Coke Co. and Northern Illinois Gas Company (herein called Utilities); Natural Gas Pipeline Company of America and Texas-Illinois Natural Gas Company (herein called Pipelines); Autogas Corporation, Crown Stove Works, Florence Stove Company, Gas Appliance Service, Inc., Norge Sales Corporation and Sellers Engineering Company (designated in the complaint as Manufacturers). It is alleged that AGA is a membership corporation and its membership embraces (1) public utility corporations, including Peoples and Northern; (2) hundreds of manufacturers of machinery, equipment and devices used in the collection, transmission and distribution of gas; (3) pipeline companies transmitting gas to utilities and large industrial users; and (4) individuals and other legal entities.

The activities of defendants-appellees alleged to be in violation of 15 U.S.C.A. § 1 are their forming or joining AGA for the purpose of controlling the manufacture, sale, use and installation of gas burners, gas heating devices and gas equipment:

"* * * in the manner described as follows:

"A. The defendant, AGA, has laboratories in Cleveland, Ohio, and Los Angeles, California, each of which purports to test the utility, durability and safety of gas burners and other gas equipment. These tests made by AGA are not based on valid, unvarying, objective standards, and AGA can make and arbitrarily and capriciously does make determinations in respect of whether a given gas burner or equipment has passed its test. AGA then affixes its seal of approval only on those gas burners and appliances which it has determined have passed its test.

"B. The defendant gas burner and equipment Manufacturers, some of which are in competition with the plaintiff, along with the defendant Utilities, Peoples and Northern, are, or have been represented on the committee of AGA which decides whether or not given gas burners and equipment warrant AGA approval.

"C. The Utility defendants, Peoples and Northern, and other Utilities, are legal monopolies in the various communities in which they serve gas, and as such have power to influence, and do influence, prospective purchasers of gas burners and other gas equipment in respect of the gas burners and equipment which are to be installed and used in communities each serves gas. * * *."

Plaintiff avers that it is not possible to successfully market gas equipment, including its Radiant Burner, unless AGA approved because AGA and Utilities (a) refuse to provide gas for use in equipment not AGA approved, (b) refuse or withdraw authorization and certification of dealers who handle gas burners or

equipment not AGA approved, (c) prepare and circulate false and misleading reports that equipment not AGA approved is unsafe, unreliable or lacking in durability, (d) Utilities discourage prospective purchasers from buying or installing equipment not AGA approved and refuse to permit its display in public areas of their offices and (e) induce municipalities and government agencies to pass ordinances which require that no gas burner or equipment shall be used within their limits unless such gas burner or equipment bears the seal of approval by AGA.

Plaintiff asserts it tendered its Radiant Burner to AGA for approval on two occasions and that AGA has not approved it. Plaintiff alleges that gas burners approved by AGA are not as safe and as efficient and no more durable than plaintiff's Radiant Burner. It alleges that dangers present in AGA approved burners, their expensiveness and the expensiveness of their operation result to some extent in the public's failure to convert to gas heating and the public is thus deprived of the cheapest form of fuel available.

Plaintiff alleges it was forced to forego establishing dealerships in several localities because its Radiant Burner did not have the required AGA approval and that it was forced to withdraw from two areas because of local requirements, made by ordinances or public officials, that gas burners have AGA approval.

It is alleged that the illegal conspiracy and combination has prevented plaintiff from recovering substantial sums expended in the development, manufacture and attempted sale of its Radiant Burner and caused plaintiff to lose substantial profits from sales it would have otherwise obtained.

Motions to dismiss filed by defendants-appellees were allowed by the District Court and the complaint dismissed for failure to state a cause of action. Plaintiff appealed.

The main contested issues are (1) whether the allegations of the complaint establish a *per se* violation of 15 U.S.C.A. § 1 (a boycott or a conspiracy to boycott) eliminating a showing of injury to the public, or (2) if not, whether the allegations of the complaint establish the requisite injury to the public.

Plaintiff contends that the allegations of the complaint establish a *per se* violation of the antitrust law and that it is unnecessary to show injury to the public. In support of this contention heavy reliance is placed upon Klor's, Inc., v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 and Fashion Originators' Guild of America, Inc., v. Federal Trade Commission, 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949. In those cases the essential basis for a boycott was present. In Klor's the complaint charged that certain manufacturers and distributors of appliances conspired among themselves and with a competitor of Klor's either not to sell to the latter or to sell to it only at discriminatory prices and on highly unfavorable terms. In Fashion the charge was that members of the Federation who are affiliated with the Guild agreed to sell their products only to those garment manufacturers who in turn agreed to sell only to cooperating retailers. In the instant case no buyer-seller relationship between plaintiff and any of defendants-appellees is involved. The allegations do not establish a concerted refusal by defendants-appellees to enter into any business relationship with plaintiff. In fact the only business dealing involved between plaintiff and any of the defendants-appellees was AGA's test of plaintiff's Radiant Burner, and there was no refusal to test, but only a refusal to approve. No boycott, conspiracy to boycott or other form of *per se* violation is established by the facts alleged.

It is pertinent to note that although the complaint alleges that tests made by AGA "are not based on valid, unvarying, objective standards, and AGA can make and arbitrarily and capriciously does make determinations" in granting its approval, there is no allegation that AGA's denial of approval of plain-

tiff's Radiant Burner was the result of arbitrary or capricious action or that approval was unreasonably denied. No allegation whatsoever is made concerning the reason given (or that no reason was given) for AGA's denial of approval or that said reason was not true in fact. Plaintiff's allegations as to the safety, efficiency and durability of its Radiant Burners do not in our view supply this omission. We deem the complaint insufficient for lack of this material element, no *per se* violation having been shown. Without such allegations there is a failure to show that the action of AGA has the effect of unreasonably restraining competition. In Northern Pacific Railway Company v. United States, 356 U.S. 1, 4, 78 S.Ct. 514, 517, 2 L.Ed. 2d 545, the Court, in this connection, had occasion to observe:

"The Sherman Act was designed to be a comprehensive charter of economic liberty aimed at preserving free and unfettered competition as the rule of trade. It rests on the premise that the unrestrained interaction of competitive forces will yield the best allocation of our economic resources, the lowest prices, the highest quality and the greatest material progress, while at the same time providing an environment conducive to the preservation of our democratic political and social institutions. But even were that premise open to question, the policy unequivocally laid down by the Act is competition. And to this end it prohibits 'Every contract, combination * * * or conspiracy, in restraint of trade or commerce among the several States.' Although this prohibition is literally all-encompassing, the courts have construed it as precluding only those contracts or combinations which 'unreasonably' restrain competition. Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619; Chicago Board of Trade v. United States, 246 U.S. 231, 38 S.Ct. 242, 62 L.Ed. 683."

■ It is our opinion that the complaint also fails to allege such injury to the public as is essential to plaintiff's right to maintain its action. In the absence of a *per se* violation the Sherman Act protects the individual injured competitor and affords him relief, but only under circumstances where there is such general injury to the competitive process that the public at large suffers economic harm. Cf. Rogers v. Douglas Tobacco Board of Trade, Inc., 5 Cir., 266 F.2d 636. The primary purpose of the statute is to protect the public from monopoly. In Feddersen Motors v. Ward, 10 Cir., 180 F.2d 519, 522 it was said:

"But injury to plaintiff alone is not enough upon which to predicate such an action. There must be harm to the general public in the form of undue restriction of interstate commerce. An appreciable part of such commerce must be the subject of the monopoly, restraint, or conspiracy. And a general allegation of the forming of such a combination or conspiracy with resulting injury to the public and to the plaintiff is not enough. While detail is not necessary, it is essential that the complaint allege facts from which it can be determined as a matter of law that by reason of intent, tendency, or the inherent nature of the contemplated acts, the conspiracy was reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce."

■ The allegations of plaintiff's complaint fail to establish that there has been any appreciable lessening in the sale of conversion gas burners or gas furnaces or that the public has been deprived of a product of over-all superiority. Although plaintiff claims its burner better in safety and efficiency from certain standpoints and as durable as those approved by AGA such allegations do not establish that the factors mentioned are the only ones determinative of over-all quality or safety. In this connection it is again significant that plaintiff makes

no allegation that AGA's denial of approval of its Radiant Burner was arbitrary or capricious or that AGA gave some reason which was not true.

The allegations of the complaint considered as a whole and viewed in the light most favorable to the plaintiff fail to show the existence of the elements prerequisite to its right to maintain an action under 15 U.S.C.A. § 1.

It is not necessary to consider additional contentions made by individual defendants as to the complaint's shortcomings in so far as it attempted to state a claim against them.

The District Court's judgment order of dismissal is affirmed.

Affirmed.