UNION LEADER CORPORATION

v.

NEWSPAPERS OF NEW ENGLAND, INC., et al.

Civ. A. No. 59–23.

United States District Court
D. Massachusetts.

June 10, 1963.

Malloy, Myerson & Sullivan, Boston, Mass., for plaintiff.

Frank Goldman, Robert H. Goldman, Lowell, Mass., for defendant.

WYZANSKI, District Judge.

The Master having reported, and this Court having approved his report, that The Haverhill Gazette Company sustained single damages of $29,441.99 caused by Union Leader's violation of the antitrust laws, The Gazette now seeks an assessment of a reasonable attorney's fee, pursuant to 15 U.S.C. § 15.

This case began with a complaint by Union Leader that, by their alleged violation of the antitrust laws, various parties, including The Haverhill Gazette Company, caused Union Leader injury. The successful efforts of The Gazette's counsel in defeating that claim do not give rise to any claim for attorney's fees cognizable under 15 U.S.C. § 15.

But The Gazette, going beyond defending itself against Union Leader's complaint, asserted a counterclaim seeking equitable relief and substantial damages because of Union Leader's violation of the antitrust laws. This Court issued, and the Court of Appeals affirmed, a decree awarding equitable relief; and this Court is today entering judgment for three times the single damages of $29,441.99, which the Master found The Gazette suffered.

In preparing and proving their client's claim for damages, The Gazette had counsel who demonstrated the highest professional ability. They showed a mastery of subtle issues of law. They discovered, appraised, marshalled, and presented complicated facts. They resolutely met skillful, resourceful, and determined opposition.

If The Gazette had secured only equitable relief under 15 U.S.C. § 26 it would not be entitled to an attorney's fee under 15 U.S.C. § 15 or any other provisions of the antitrust laws. Decorative Stone Co. v. Building Trades Council, 2nd Cir., 23 F.2d 426, 428; Ring v. Spina, S.D.N.Y., 84 F.Supp. 403, 408. But The Gazette is entitled to a reasonable attorney's fee for services rendered in connection with the damages recovered by it. To estimate those services, it is proper to take into account the professional work done by The Gazette's counsel not merely in the proceedings specifically directed to the assessment of those recoverable damages, but also in the earlier proceedings in this Court and in the Court of Appeals insofar as they were directed to the establishment of Union Leader's liability for those recoverable damages.

There could be a reasonable difference of opinion as to how much of the time The Gazette's counsel spent in preparing for and presenting the case in the original trial in this Court and on the first appeal to the Court of Appeals ultimately bore upon the issue of damages payable by Union Leader. But there can be no doubt that all the time which The Gazette's counsel spent on this case after the *first* mandate from the Court of Appeals to this Court was devoted exclusively to issues directly or indirectly concerned with damages.

Yet all the time spent on seeking to recover damages is not relevant. The Gazette claimed damages of staggering size, but it proved damages of only

$29,441.99. Time and effort spent in presenting claims of damage which were not proved must be entirely disregarded. There is nothing contrary to that conclusion in what this Court said in Cape Cod Food Products, Inc. v. National Cranberry Ass'n et al., D.Mass., 119 F.Supp. 242, 244. When this Court there indicated that "a losing defendant must pay what it would be reasonable for counsel to charge a victorious plaintiff", it is obvious that this Court had in mind a plaintiff who was completely, or substantially completely, victorious. Where in an antitrust suit a plaintiff claims a vast sum and recovers a small sum, he may owe his own counsel on account of legal services not only for items for which recovery was allowed but also for items for which recovery was denied. Yet such a partially successful antitrust plaintiff can recover from the antitrust defendant only on account of such portion of the attorney's effort as produced a recovery.

Inquiry should focus on what is the reasonable amount that a person injured by an antitrust violation would have had to pay to recover the precise losses which a court, jury, or master has held that he sustained. The inquiry resembles the familiar question, raised again and again in accident cases, as to what is a reasonable doctor's fee for attending a plaintiff injured by defendant's negligence. An answer to the inquiry in an antitrust case requires the Court to consider questions such as whether the case demanded exceptional professional ability and how much time it should have taken to prepare and present those aspects of the claim for losses which were allowed. Reference may appropriately be made to the type of factors listed in Canon 12 of the Canons of Professional Ethics of the American Bar Association which reads as follows:

"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling."

Yet some of those factors are obviously more suited to determining a reasonable attorney's fee in a case sounding in contract than in a case sounding in tort.

■■ In a rare case a successful antitrust plaintiff may recover a reasonable attorney's fee in excess of the losses he sustained. In Darden et al. v. Besser, 6th Cir., 257 F.2d 285, 286 where the single damages were $15,000, and counsel had devoted a total of 2126 hours exclusively to this litigation, the trial judge's award of a $10,000 fee was reversed with directions to enter judgment of $30,000 as an attorney's fee. In Osborn v. Sinclair Refining Company, D.Md., 207 F.Supp. 856, 864 the single damages were only $12,325, but Chief Judge Thomsen, after referring to the 800 hours which counsel had spent on the case and to the legal principle established therein, allowed $14,000 as a reasonable attorney's fee. Allowing a reasonable attorney's fee in excess of the losses sustained by the plaintiff is proper whenever those losses could not otherwise have been recovered. However, it is doubtful whether the allowance of an attorney's fee in excess of the losses sustained can be justified solely on the basis that "one of the purposes of pri-

vate treble damage suits is to prevent the necessity of government civil suits or prosecutions to establish and correct violations of the antitrust laws." See Osborn v. Sinclair Refining Co., supra. Such a principle would be understandable in connection with the statutory allowance of an attorney's fees in connection with private litigation under many regulatory statutes. But the principle is a doubtful application under the antitrust law inasmuch as the statute does not allow an attorney's fee for procuring an injunction, but allows it only as an item of damage when losses have been proved to have been sustained by the plaintiff.

Some of the cases under the antitrust laws appear to take as the reasonable basis of the attorney's fee a percentage of the damages recovered. See the cases referred to in Cape Cod Food Products, Inc. v. National Cranberry Ass'n et al., D.Mass., 119 F.Supp. 242, 243, where it is noted that "the fees have often run substantially over one-third of the single damages recovered." However in the Cape Code case the Court allowed a fee which, although it happened to be 20% of the recovery, was not calculated on a percentage basis.

In Webster Motor Car Co. et al. v. Packard Motor Car Co., Dist. of Col., 166 F.Supp. 865, the Court at p. 866 stated it would "award a counsel fee of $45,000, which would be about 23 or 24 per cent of the single damages. That is within the framework of the cases relied upon by counsel." Thirty four per cent of the single damages was allowed in Bal Theatre Corp. v. Paramount Film Distributing Corp., N.D.Cal., 206 F.Supp. 708, 718.

■ The percentage test is relevant in many situations. Yet considerations respecting the type of professional skill required and the extent of work necessary are more important than percentage considerations where, as in matters arising under 15 U.S.C. § 15, the claim for an attorney's fee sounds in tort and is an additional element of damages allowable to a person who has sustained provable losses. The quality of counsel required and especially the necessary time expended on the case were the governing considerations in Cape Cod Food Products, Inc. v. National Cranberry Ass'n, supra.

In the instant case, it is clear that the highest professional skill was required successfully to prepare, present, and otherwise prosecute The Gazette's claim for damages totaling $29,441.99. To recover that sum, and without regard to any time spent in procuring injunctive relief, or to any time vainly spent in seeking to establish other losses not proven to the satisfaction of the Master or this Court, required lengthy investigation, preparation, and presentation. Bearing in mind all the proceedings in this Court, in the Court of Appeals on two occasions, on petitions for certiorari before the Supreme Court of the United States, I have tried to estimate what would have been the number of hours reasonably required to handle skillfully and economically a claim for losses proved to amount to $29,-441.99. Certainly it would have been far less than the total time which the affidavits before me indicate counsel spent on both damages proven and damages unproven. Certainly to prove losses of $29,441.99 did not require the services of all the counsel who have filed affidavits seeking to have their services and disbursements taken into account.

■ My best judgment is that skillfully and effectively to prove a claim of losses of $29,441.99 would have required the services of two senior counsel for between 500 and 1000 hours each and of a junior counsel for between 750 and 1500 hours, and would have required disbursements (including disbursements for accountants) of about $8,000. Having in mind those estimates as a relevant but not exclusive guide, and considering that the single damages recovered were only $29,441.99, I allow The Haverhill Gazette Company $68,000 as a reasonable attorney's fee (including disbursements, but not taxable costs).

The sum of $68,000 is added to The Haverhill Gazette Company's recovery.

No part of that sum is a direct award to any attorney or accountant. The statute, 15 U.S.C. § 15, provides not for the recovery by counsel of their fees and disbursements, but for recovery of "a reasonable attorney's fee" by "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws."