**John O'C. FITZGERALD and Charles F. Marino, Petitioners-Appellants,**

v.

**Lee A. FREEMAN and Richard F. Levy, Intervenors-Appellees.**

**Lee A. FREEMAN and Richard F. Levy, Intervenors-Appellants,**

v.

**John O'C. FITZGERALD and Charles F. Marino, Petitioners-Appellees.**

**Nos. 16813, 16814.**

United States Court of Appeals
Seventh Circuit.

Feb. 25, 1969.

Rehearing Denied May 9, 1969.

John O'C. Fitzgerald, Charles F. Marino, Chicago, Ill., for Fitzgerald.

Lee A. Freeman, Richard F. Levy, Chicago, Ill., for Freeman.

Before KILEY, CUMMINGS and KERNER, Circuit Judges.

KILEY, Circuit Judge.

This proceeding to enforce an attorney's lien under the Illinois Lien Act[1] involves a controversy between lawyers. The district court's judgment ordered the attorneys-intervenors to pay petitioners $17,500 as fees. Petitioners have appealed, and intervenors have cross-appealed, from the judgment. We affirm.

The proceeding before us arises from the case of Radiant Burners, Inc. v. American Gas Ass'n, Inc., 320 F.2d 314, 98 A.L.R.2d 228 (7th Cir. 1963), and Radiant Burners, Inc. v. Peoples Gas,

1. Ill.Rev.Stat. Ch. 13 § 14 (1967), which provides in part:

Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or agreement, for a reasonable fee, for the services of collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action.

Light & Coke Co., 273 F.2d 196 (7th Cir. 1959), rev'd 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961), an anti-trust treble damage suit. The suit was begun in 1957 in the district court where defendant American Gas prevailed. This court affirmed, 273 F.2d 196 (1959), but the Supreme Court reversed, 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961). Subsequently the suit was settled and on October 1, 1965, by an agreed order, was dismissed.

Petitioners served their notice of lien on July 26, 1965. On November 5, 1965, with leave of court, they filed their verified petition to enforce the lien. Petitioners relied upon a contract between Radiant, and attorneys Keig and Neumark, and petitioner Fitzgerald, made December 20, 1960, under which Radiant noted an earlier contract of employment of Keig and Neumark as its attorneys in the *American Gas* case, and expressed its desire to substitute other attorneys in the case and to settle the fees of "attorneys Keig, Neumark and Fitzgerald for the work done to date." Radiant agreed to pay Keig and Fitzgerald "11¼%, collectively" of whatever was recovered in the *American Gas* case by judgment or settlement and "22½% * * * of all moneys awarded by the Court as fees. * * *" Intervenors' answer asserted breach of the contract by Fitzgerald and denied any contract right of petitioner Marino, a lawyer employed in Fitzgerald's office, to fees.

The district court ordered intervenors to pay petitioners $17,500 which is $10,845.55 less than petitioners sought in the lien enforcement proceeding under the December, 1960, contract, and which is $17,500 more than intervenors contend petitioners should have, in view of their alleged breach. The court disallowed interest claimed by petitioners.

The district court's Memorandum discussed the various legal issues raised with respect to the December 20, 1960, contract and decided that since the controversy was between attorneys, the ordinary legal rules of contract should not alone be determinative, but there must also be compliance with the canons of professional ethics under the court's supervision over contingent attorneys' fees. The court considered the stipulation of facts signed by petitioners and intervenors, the pleadings and affidavits filed, the files of the district court and of this court in the *American Gas* case, and the relative contributions of petitioners and intervenors to the successful outcome of Radiant's suit—all in the light of Canons 13 and 34 of the Code of Ethics.[2] The court's judgment was based on quantum meruit rather than upon the contract and thus rejected the "all or nothing" legal issue presented by the pleadings.

The record shows that petitioners performed services [3] for Radiant from July 7, 1957, until June 6, 1960, when the Supreme Court granted certiorari. There-

2. Canon 13, Contingent Fees
   A contract for a contingent fee where sanctioned by law, should be reasonable under all the circumstances of the case, including the risk and uncertainty of the compensation, but should always be subject to the supervision of a court, as to its reasonableness.
   Canon 34, Division of Fees
   No division of fees for legal service is proper, except with another lawyer, based upon a division of service or responsibility.

3. 1. Preparation of (a) Complaint, Amended Complaint and Second Amended Complaint; (b) Briefs in opposition to AGA's Motion to Quash service of Summons and Affidavits in support thereof;

(c) Briefs in opposition to Defendants' Motions to Dismiss Complaint, Amended Complaint and Second Amended Complaint; (d) Briefs filed in the United States Court of Appeals for the Seventh Circuit in connection with appeal from dismissal of Second Amended Complaint, as well as Petition for Rehearing; and (e) Petition for Writ of Certiorari filed in the Supreme Court of the United States.

2. (a) Research of applicable statutes and case law; (b) Discovery proceedings, including interrogatories addressed to various Defendants and depositions of employees of various Defendants; (c) Conferences with William P. Ayers, President of Radiant, at Fitzgerald's office,

after both in successful argument before the Supreme Court and in achieving a settlement of the *American Gas* case for $450,000—from which $260,000 fees and expenses were paid to intervenors and attorney Neumark—intervenors performed legal services for Radiant.[4]

The parties agree that the district court possessed the power it applied in awarding the fees. Each party argues the power was not properly applied. The court was not required to find specifically, as petitioners contend, that the contingent fees provided in the December, 1960, contract were unreasonable. That finding is implicit in the decision. Nor can we say that the court ignored the December 20, 1960, contract. The memorandum decision states the contrary. Moreover, the argument by petitioners that the court did not make computations of time spent by petitioners in service of Radiant does not have merit since there is an indication petitioners did not keep time records and made no effort before the court to introduce records.

This court's decision in Brick v. Hirsch, 331 F.2d 251 (7th Cir. 1964), is of no aid to petitioners. There the district court's decision did not involve Canon 13 and the court's supervisory power, but was based on resolving the credibility of witnesses on the vital question of the existence of the fee contract.

We see no need of prolonging this opinion to discuss points raised by intervenors, in their cross appeal. They are mainly arguments from the law of contracts. Suffice to say we have considered them and find them unpersuasive to overturn the district court judgment, upon the circumstances in this record. And we see no basis on the record for an imposition upon intervenors of the interest claimed by petitioners.

The judgment is affirmed.

---

Ayer's home and Radiant's offices; (d) Personal appearances in Court in connection with Motions presented by either themselves or Defendant's attorneys; and (e) Oral argument in the United States Court of Appeals for the Seventh Circuit.

4. Preparation and filing of third amended complaint; discovery proceedings, including examination, copying, analysis and categorizing of documents, deposition proceedings and interrogatories; inter-views with professional and other witnesses; preparation of and response to numerous motions relating to discovery; attendance at regularly scheduled pretrial conferences; legal research; preparation of briefs in connection with corporate attorney-client privilege; argument before the United States Court of Appeals for the Seventh Circuit; preparation of witnesses for depositions; and negotiations for and consummation of settlement.