Edwin GOSSNER and Dairy Distributors,
Inc., a Utah corporation, Plaintiffs,

v.

CACHE VALLEY DAIRY ASSOCIA-
TION, a Utah corporation, et al.,
Defendant.

No. NC 50-67.

United States District Court

D. Utah, N. D.

Jan. 9, 1970.

Clifford L. Ashton, and Richard W.
Giauque, of VanCott, Bagley, Cornwall
& McCarthy, Salt Lake City, Utah, for
plaintiffs.

Donald B. Holbrook, and W. Robert
Wright, of Jones, Waldo, Holbrook &
McDonough, Salt Lake City, Utah, for
defendant, Cache Valley Dairy Assn.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

This exceedingly complicated action,
the principal issues of which were sub-
mitted to and resolved by a jury on spe-
cial interrogatories, involved Sections 1
and 2 of the Sherman Act, The Robinson
Patman Act, the "Cooperative Exemp-
tion", negligence, fraud, wrongful dis-
charge of an "independent contractor-
manager-employee", fiduciary account-
ing, contract obligations, and other prob-
lems in cheese manufacturing and the
processing and distribution of other
dairy products. A judgment for roughly
half a million dollars has been entered
against the defendant Cache Valley
Dairy Association.

Subject to appeal, all post-trial prob-
lems have now been resolved as far as
this court is concerned except that relat-
ing to attorneys' fees. By stipulation
the fixing of any attorneys' fees was
left to the trial judge.

The jury in effect returned a verdict
of $30,000 on plaintiffs' Robinson-Pat-
man Act claim,[1] which has been trebled
as provided by statute.[2] The remainder
of the judgment, after offsets in accord-
ance with the special verdict of the jury,
relates to non-antitrust claims.

I have determined that $42,500 is
a reasonable attorneys' fee for the serv-

1. 15 U.S.C.A. § 13 (1963).

2. 15 U.S.C.A. § 15 (1963).

ices of plaintiffs' attorneys assignable to the antitrust component of the judgment. While this determination was complicated and many factors were considered, further discussion here on the subject would not be warranted.

The related problem which seems worthy of note was created by the established agreement between plaintiff and its counsel that the latter should receive a contingent fee of one-third of any recovery to be accomplished by the litigation.

■ The defendant contends that since one-third of the $90,000 Robinson-Patman Act judgment would be $30,000, attorneys' fees should be limited to this amount. I agree that the provisions of the Act concerning attorneys' fees[3] do not contemplate an award to an antitrust litigant beyond treble the damages it actually sustained plus the attorneys' fees for which it is liable. While much may be said against a defendant's benefiting from an improvident agreement between a plaintiff and its counsel, I do not believe the provision for attorneys' fees justifies a windfall for the litigant beyond the trebling of its actual damages. Here we are concerned with the question of whether a litigant is limited to an agreed fee even though it is less than one that would otherwise be reasonable. The cases cited by plaintiff involve rather the inability of litigants to recover more than a reasonable fee because of an agreement to pay counsel more.[4]

■ On the other hand, the case relied upon by defendant to demonstrate that contingent fee agreements should be accepted as a limiting factor is inapposite since there the agreement was for a fee equal to one-third of any recovery and in addition any amount awarded by the court as a reasonable attorneys' fee; held that the fee arrangement was so antipathetic to the objective and spirit of the Clayton Act provisions as to negate the propriety of any award.[5] No case has been cited, nor has the court discovered one which squarely holds that a contingent fee arrangement may restrict the plaintiff to the recovery of less than a reasonable fee; but I believe this must be the law; the statute authorizes an attorney's fee, not a litigant's fee.

■ Yet, the agreement concerning a contingent fee avails the defendant nothing here for at best it would be only a limiting factor and not the measure of a reasonable fee. I have already determined that a reasonable fee is $42,500. In the absence of the contingent fee arrangement the plaintiff would be entitled to the treble damages of $90,000 plus the reasonable attorneys' fee of $42,500, or a total of $132,500. A contingent fee of one-third of this amount would be $44,166.66. Plaintiff cannot recover this full amount since it would exceed the amount I have determined as reasonable.[6] But I agree with plaintiff that it can recover the $42,500 fee, all of which, and more, it is committed to pay to its attorney.

3. 15 U.S.C.A. § 15 (1963) provides:
   Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

4. Milwaukee Towne Corp. v. Loew's, Inc., 190 F.2d 561, 570 (7th Cir. 1951); Webster Motor Car Co. v. Packard Motor Car Co., 166 F.Supp. 865 (D.D.C.1955).

*See also* Bowl America Inc. v. Fair Lanes, Inc., 299 F.Supp. 1080, 1099n. (D.My.1969).

5. Farmington Dowel Products Co. v. Forster Mfg. Co., 297 F.Supp. 924 (D.C. Maine 1969); Noerr Motor Freight, Inc. v. Eastern Railroad Pres. Conf., 166 F. Supp. 163 (D.C.Pa.1958).

6. Farmington Dowel Products Co. v. Forster Mfg. Co., 297 F.Supp. 924 (D. Maine 1969), supra; Noerr Motor Freight, Inc. v. Eastern Railroad Pres. Conf., 166 F.Supp. 163 (E.D.Pa.1958), supra.