RADIANT BURNERS, INC., *v.* PEOPLES
GAS LIGHT & COKE CO. ET AL.

No. 73. Argued December 7, 1960.—Decided January 16, 1961.

*Richard F. Levy* argued the cause for petitioner. With him on the brief were *Joseph Keig, Sr.* and *John O'C. FitzGerald.*

*Horace R. Lamb* argued the cause and filed a brief for the American Gas Association, Inc., respondent. With him on the brief in opposition to the petition for writ of certiorari was *Adrian C. Leiby.* *Clarence H. Ross* argued the cause for Peoples Gas Light & Coke Co. et al., respondents. With him on the brief were *Harold A. Smith, Arthur D. Welton, Jr., Justin A. Stanley, Robert W. Murphy* and *Burton Y. Weitzenfeld.*

*Charles H. Weston* argued the cause for the United States, as *amicus curiae,* urging reversal. On the brief were *Solicitor General Rankin, Assistant Attorney General Bicks* and *Richard A. Solomon.*

*Thomas C. McConnell* and *Lee A. Freeman* filed a brief for the Parmelee Transportation Co., as *amicus curiae,* urging reversal.

PER CURIAM.

The question here is whether petitioner's complaint stated a claim upon which relief could be granted. Petitioner is engaged at Lombard, Illinois, in the manufacture and sale in interstate commerce of a ceramic gas burner, known as the "Radiant Burner," for the heating of houses and other buildings. Claiming that American Gas Association, Inc. (AGA), a membership corporation doing business in the Northern District of Illinois and in other States, and 10 of its numerous members [1] who also are doing business in the Northern District of Illinois, combined and conspired to restrain interstate commerce in the manufacture, sale and use of gas burners in violation of § 1 of the Sherman Act, petitioner brought this action against those parties for treble damages and an injunction in the United States District Court for the Northern District of Illinois.[2]

---

[1] Of the 10 members of AGA who were joined with it as defendants, two are public utilities engaged in the distribution of gas in the Northern District of Illinois, namely, The Peoples Gas Light & Coke Company and Northern Illinois Gas Company; two are pipeline companies engaged in transporting natural gas in interstate commerce into the Northern District of Illinois, namely, Natural Gas Pipeline of America and Texas-Illinois Natural Gas Co.; the other six are manufacturers of gas burners, namely, Autogas Company, Crown Stove Works, Florence Stove Company, Gas Appliance Service, Inc., Norge Sales Corporation, and Sellers Engineering Company.

[2] Section 1 of the Sherman Act provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint

The complaint included the following allegations: American Gas Association operates testing laboratories wherein it purports to determine the safety, utility and durability of gas burners. It has adopted a "seal of approval" which it affixes on such gas burners as it determines have passed its tests. Its tests are not based on "objective standards," but are influenced by respondents, some of whom are in competition with petitioner, and thus its determinations can be made "arbitrarily and capriciously." Petitioner has twice submitted its Radiant Burner to AGA for approval but it has not been approved, although it is safer and more efficient than, and just as durable as, gas burners which AGA has approved. "[B]ecause AGA and its Utility members, including Peoples and Northern, effectuate the plan and purpose of the unlawful combination and conspiracy alleged herein by . . . refusing to provide gas for use in the plaintiff's Radiant Burner[s] . . . which are not approved by AGA," petitioner's gas burners have been effectively excluded from the market, as its potential customers will not buy gas burners for which they cannot obtain gas, and in consequence petitioner has suffered and is suffering the loss of substantial profits.

Respondents moved to dismiss for failure of the complaint to state a claim upon which relief could be granted. The District Court granted the motions, dismissed the

of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal . . . ."

Section 4 of the Clayton Act, 38 Stat. 731, 15 U. S. C. § 15, states, "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained . . . ."

Section 16 of the Clayton Act, 38 Stat. 737, 15 U. S. C. § 26, states, "Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws . . . ."

complaint and entered judgment for respondents. The Court of Appeals for the Seventh Circuit affirmed. 273 F. 2d 196. It stated that "No boycott, conspiracy to boycott or other form of *per se* violation is established by the facts alleged" (*id.*, at 199), and that "[i]n the absence of a *per se* violation the Sherman Act protects the individual injured competitor and affords him relief, but only under circumstances where there is such general injury to the competitive process that the public at large suffers economic harm." *Id.*, at 200. It held that public injury was not alleged since "[t]he allegations of the plaintiff's complaint fail to establish that there has been any appreciable lessening in the sale of conversion gas burners or gas furnaces or that the public has been deprived of a product of over-all superiority." *Id.*, at 200. Because of petitioner's claim that this holding is contrary to controlling decisions of this Court, we granted certiorari. 363 U. S. 809.

We think the decision of the Court of Appeals does not accord with our recent decision in *Klor's, Inc.*, v. *Broadway-Hale Stores*, 359 U. S. 207. The allegation in the complaint that "AGA and its Utility members, including Peoples and Northern, effectuate the plan and purpose of the unlawful combination and conspiracy . . . by . . . refusing to provide gas for use in the plaintiff's Radiant Burner[s]" because they "are not approved by AGA" clearly shows "one type of trade restraint and public harm the Sherman Act forbids . . . ." *Id.*, at 210. It is obvious that petitioner cannot sell its gas burners, whatever may be their virtues, if, because of the alleged conspiracy, the purchasers cannot buy gas for use in those burners. The conspiratorial refusal "to provide gas for use in the plaintiff's Radiant Burner[s] [because they] are not approved by AGA" therefore falls within one of the "classes of restraints which from their 'nature or character' [are] unduly restrictive, and hence forbidden by

both the common law and the statute. . . . As to these classes of restraints . . . Congress [has] determined its own criteria of public harm and it [is] not for the courts to decide whether in an individual case injury [has] actually occurred." *Id.*, at 211. The alleged conspiratorial refusal to provide gas for use in plaintiff's Radiant Burners "interferes with the natural flow of interstate commerce [and] clearly has, by its 'nature' and 'character,' a 'monopolistic tendency.' As such it is not to be tolerated merely because the victim is just one [manufacturer] whose business is so small that his destruction makes little difference to the economy." *Id.*, at 213.

By § 1, Congress has made illegal: "Every contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States . . . ." *Standard Oil Co.* v. *United States*, 221 U. S. 1. Congress having thus prescribed the criteria of the prohibitions, the courts may not expand them. Therefore, to state a claim upon which relief can be granted under that section, allegations adequate- to show a violation and, in a private treble damage action, that plaintiff was damaged thereby are all the law requires.

The judgment of the Court of Appeals is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

*Reversed.*