**BEST ADVERTISING CORPORATION,**
**Plaintiff-Appellant,**

v.

**ILLINOIS BELL TELEPHONE COMPA-**
**NY and The Reuben H. Donnelley**
**Corporation, Defendants-Appellees.**

**No. 14691**

United States Court of Appeals
Seventh Circuit.

Jan. 6, 1965.

Peter Denger, Rock Island, Ill., for appellant.

Walter J. Cummings, Jr., Chicago, Ill., Paul E. Rink, Rock Island, Ill., Kenneth F. Burgess, George W. McBurney, Richard H. Compere, Chicago, Ill., Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for defendants-appellees.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This treble damage suit was brought pursuant to Section 4 of the Clayton Act,

Swygert, Circuit Judge, dissented.

15 U.S.C. § 15, for damages allegedly sustained as a result of defendants' violations of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1, 2.[1] Defendants moved to dismiss upon the ground the complaint failed to state a claim against defendants or either of them. The District Court granted the motion and ordered that the complaint be dismissed. This appeal followed.

Illinois Bell Telephone Company (Bell) furnishes telephone service to Illinois subscribers. It furnishes each subscriber, in a number of service areas, with a telephone directory which remains the property of Bell. Each such directory contains a yellow-page section devoted to the classified listings of Bell's business subscribers.

A contract was entered into between Bell and The Reuben H. Donnelley Corporation (Donnelley) under which Donnelley is authorized to solicit yellow-page advertising from Bell's subscribers. Once each year the business telephone subscribers of Bell are contacted by Donnelley in an endeavor to obtain advertisements for the yellow pages of the telephone directory. The cost of any such advertising is billed monthly by Bell. Such advertising is not regulated by the Federal Communications Commission or any other governmental agency. It was Donnelley's uniform practice to deal directly with its yellow-page advertisers.

Plaintiff, Best Advertising Company (Best), is an Illinois corporation with headquarters in Rock Island, Illinois. It was organized for the purpose of placing advertising in the yellow pages, or classified section, of telephone directories furnished by Bell to its subscribers. In 1962, it started calling on various yellow-page advertisers. Best urged these advertisers to place their future yellow-page advertising through Best, and urged them to reduce the size and number of their yellow-page advertisements "at a considerable reduction of costs." It fol-

lows that smaller and less frequent advertisements in the yellow pages would result in a reduction of income to Donnelley.

In 1962, Best submitted prospective yellow-page advertising of its clients to Bell. Then, following the instructions from Bell, it submitted the same to Donnelley for inclusion in Bell's Rockford telephone directory. Donnelley refused to accept such advertising from plaintiff and refused to deal with plaintiff with respect to any such advertising. Thereafter, the advertisers who had signed contracts with Best, were required to deal directly with Donnelley in order to obtain such advertising space in the Rockford directory.

In 1963, plaintiff obtained contracts from various customers for placing advertisements in the yellow pages of Bell's East Moline-Moline-Rock Island telephone directory. These contracts were submitted to Donnelley who refused to accept them and who refused to deal with plaintiff. It is the claim of plaintiff that because of Donnelley's refusal to accept advertising solicited by plaintiff for the telephone directory yellow pages, plaintiff found it necessary to discontinue its business.

Section 2 of the Sherman Anti-Trust Act (15 U.S.C. § 2) reads as follows: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor * * *."

Section 4 of the Clayton Act (15 U.S.C. § 15) reads: "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and

---

**1.** Plaintiff now admits that the complaint does not state a claim under Section 1 of the Sherman Anti-Trust Act. Therefore we are here concerned only with alleged violations of Section 2 of the Act.

shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Best was organized expressly for the purpose of obtaining yellow-page advertising. It was contemplated that Best would interject itself between Donnelley and its customers and, if successful, this would result in damage to Donnelley's business.

What plaintiff, in fact, alleges is that Donnelley would not permit Best to interfere with and possibly destroy Donnelley's yellow-page publishing business by permitting Best to act as middleman between Donnelley and its customers in two limited areas in Illinois.

It should be noted the complaint does not allege Best was engaged in interstate commerce; it does not allege that a substantial amount of interstate commerce has been restrained; it does not allege that Bell and Donnelley conspired to refuse to deal with Best. The complaint does not allege any price-fixing nor complain of the rates charged for the yellow-page advertising.

The evidence shows that Donnelley's refusal to deal with Best did not produce a monopoly in the state of Illinois as there are a number of classified telephone directories in Illinois which are not published by Donnelley. However, in the two local areas hereinbefore described, there were no other classified directories.

■ In District of Columbia Citizen Publishing Co. v. Merchants and Manufacturers' Association, D.C., 83 F.Supp. 994, the Trade Association of the District of Columbia maintained an approved list of newspapers in which its members could advertise. They did not approve of the plaintiff, a small newspaper, and suit was brought alleging violation of Sections 1, 2 and 3 of the Sherman Act. The Court agreed that there might be a restraint of trade to some extent, but pointed out that to be actionable, it must be an unreasonable restraint, citing among others, Standard Oil Company of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619 and Ap-

palachian Coals, Inc. et al. v. United States, 288 U.S. 344, 53 S.Ct. 471, 77 L.Ed. 825.

■ We hold that Donnelley's refusal to deal with the plaintiff which was organized in an attempt to obtain business from Donnelley, did not have any appreciable effect on interstate commerce, and the requisite injury to competition was not shown; therefore, such conduct was not prohibited by Section 2 of the Sherman Act.

In La Rouche v. United Shoe Machinery Corp., D.C., 166 F.Supp. 633, plaintiff complained that defendant insisted on dealing directly with its customers rather than through the plaintiff. The Court, at page 635, said: " * * * [T]here is no language in the Sherman Act which prohibits a manufacturer from dealing directly with a customer * *."

In Ace Beer Distributors, Inc. v. Kohn, Inc., 6 Cir., 318 F.2d 283, 286, the Court said: " * * * A refusal to deal becomes illegal under the Act only when it produces an unreasonable restraint of trade, such as price fixing, elimination of competition or the creation of a monopoly."

Plaintiff's principal reliance is upon Lorain Journal Co. v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162. There, the United States brought a civil action charging an attempt to monopolize interstate commerce in violation of Sections 1 and 2 of the Sherman Act. For fifteen years, the Journal enjoyed a substantial monopoly of local and national news and advertising in its community. The Journal had sought, without success, to obtain a license to operate a radio station in Lorain, Ohio. A competing radio station was established, and a substantial number of Journal's advertisers wished to use the advertising facilities of the radio station. The publisher of the Journal refused to accept local advertising from any of those who advertised over the radio station. It was found, as a fact, that this policy was established for the purpose of destroying the broadcasting company.

The court found the Journal's conduct was "bold, relentless, and predatory commercial behavior." 92 F.Supp. 794, 796. The Supreme Court held there was a violation of Section 2 of the Sherman Act.

We think the instant case can readily be distinguished from the Lorain Journal case. If there were any predatory conduct in the case at bar, it was by Best. Furthermore, as hereinbefore stated, Donnelley's refusal to deal had no appreciable effect on interstate commerce.

Pertinent also is a recent case of this Court, Gordon v. Illinois Bell Telephone Company, 7 Cir., 330 F.2d 103. In that case, it was alleged that defendant's termination of a type of secretarial switchboard service utilized to operate a telephone answering service, and the telephone company's refusal to reinstate such service, was for the purpose of driving the plaintiffs out of the telephone answering service business, in contravention of Sections 1, 2 and other sections of the Sherman Act. In holding for the defendant, we stated at page 106: "In this connection the evidence discloses that plaintiffs' telephone answering service is essentially a local operation and business. That a few of plaintiffs' customers are engaged in interstate commerce is too unrelated a factor to impress plaintiffs' operation with an interstate character within the meaning and ambit of the Sherman Act."

It is our view that Section 2 of the Sherman Act does not prevent Donnelley from continuing to deal directly with its customers; that the requisite injury to competition was not present, and that Donnelley's refusal to deal with the local advertising agency in two areas of Illinois has not substantially affected interstate commerce.

■ We think the dismissal of the complaint by the District Court was correct.

Judgment affirmed.

SWYGERT, Circuit Judge (dissenting).

The Supreme Court in Radiant Burners, Inc. v. Peoples Gas, Light & Coke Co., 364 U.S. 656, 660, 81 S.Ct. 365, 367, 5 L.Ed.2d 358 (1960), said in regard to the sufficiency of a claim under section 1 of the Sherman Act, "to state a claim * * * under that section, allegations adequate to show a violation and, in a private treble damage action, that plaintiff was damaged thereby are all the law requires." To state a claim under section 2 of the Sherman Act should require no more. In my opinion, plaintiff has met this requirement.

The complaint alleges, as the district judge recognized, that the Illinois Bell Telephone Company, as publisher, and Reuben H. Donnelley Corporation, its advertising agent, occupy a monopolistic position in yellow page telephone directory advertising within the two geographical areas listed in the complaint, the Rockford, Illinois, area and the East Moline-Moline-Rock Island, Illinois, area. The complaint further alleges that yellow page advertising in the telephone directories of Bell is independent of its public utility position, and that the cost of such advertising is controlled by Bell and is not subject to regulation by any governmental body; that plaintiff was in the business of placing advertising in the yellow pages of the telephone directories in Illinois; that defendants are also in the business of placing advertising in the yellow pages of the telephone directories in Illinois; that defendants excluded plaintiff as a competitor by refusing to accept yellow page advertising from it, and that plaintiff was forced to discontinue its business because of the unlawful actions of defendants.

The complaint upon analysis indicates the following conclusional charges: Bell has a monopoly of yellow page advertising within each of the two geographical areas listed; Donnelley has an exclusive agency from Bell to solicit advertising for the latter's telephone directory; Best, an independent advertising agency, attempted to solicit advertising to be placed in the yellow pages of Bell's directory; Bell refused to deal with Best; it deals with advertisers only if they are solicited by Donnelley; Best and Donnelley were in

competition in the solicitation and placing of advertising in Bell's publication; this competition was restrained by defendants' conduct, resulting in Best's annihilation.

As one who operated an alleged monopoly, Bell has no legal right to prefer a single advertising agency to the exclusion of all others. Moreover, it had no right to prevent advertisers from purchasing space in the yellow pages through an agency of their choice, so long as an appreciable amount of interstate commerce was affected by such conduct. This is what I understand to be the effect and meaning of section 2 of the Sherman Act and of cases interpreting that section. Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959); Lorain Journal Co. v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L. Ed. 162 (1951).

The majority says, "We hold that Donnelley's refusal to deal with the plaintiff which was organized in an attempt to obtain business from Donnelley, did not have any appreciable effect on interstate commerce, and the requisite injury to competition was not shown; therefore, such conduct was not prohibited by Section 2 of the Sherman Act." I do not comprehend how the court can make such determination absent proof submitted either in a trial or on motion for summary judgment. Plaintiff alleged in its complaint:

"These telephone directories are printed out of the state of Illinois and are shipped in substantial quantities into the state of Illinois and distributed in substantial quantities in Interstate Commerce throughout the United States. Ads appear in the yellow page section of the Illinois telephone directories from other states and the directories are part of the complete telephone system in the United States whereby communication by telephone is made in Interstate Commerce."

In my opinion this was a sufficient allegation of the substantiality of the interstate commerce. Lorain Journal Co. v. United States, supra; Times-Picayune Pub. Co. v. United States, 345 U.S. 594, 73 S.Ct. 872, 97 L.Ed. 1277 (1953). Plaintiff should be allowed to submit proof rather than to be summarily cut off at the pleading stage.

In Radovich v. Nat'l Football League, 352 U.S. 455, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957), a treble damage action charging a section 2 Sherman Act violation, the Court, speaking through Mr. Justice Clark, said, "Since the complaint was dismissed its allegations must be taken by us as true." Moreover, the Court, after indicating that the allegation of the nature and extent of interstate commerce seemed sufficient, said, "We think that Radovich is entitled to an opportunity to prove his charges." Similarly, I think Best is entitled to an opportunity to prove its charges.

I would reverse the judgment of dismissal.