Richard D. AUSTIN, Plaintiff-Appellant,

v.

The HOUSE OF VISION, INC., a corporation et al., Defendants-Appellees.

No. 16098.

United States Court of Appeals
Seventh Circuit.

Nov. 1, 1967.

Rehearing Denied Dec. 1, 1967.

Leonard Rose, Mason, Albright, Stansbury & Rose, Chicago, Ill., for appellant.

Lawrence J. West, Leo Spira, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and CASTLE and FAIRCHILD, Circuit Judges.

PER CURIAM.

On July 20, 1966, plaintiff-appellant filed a complaint for treble damages under 15 U.S.C.A. § 15 against defendants The House of Vision and The House of Vision Employees' Benefit Trust.

The trial court granted plaintiff leave to amend his complaint to substitute the five trustees of the Employees' Benefit Trust for the Trust itself.

As amended, the complaint alleges that for ten years plaintiff worked as an optical technician and dispenser in defendant company's Chicago area stores; that he and other employees were members of the Trust, to which contributions were made by both the defendant company and the employees; that the Trust was amended in 1958 to provide that any employee-beneficiary who goes to work for a competitor of the defendant company will lose his beneficial interest in the Trust; that plaintiff left defendant company's employ on June 15, 1966, and became an employee of a competitor of defendant company; that thereafter plaintiff was notified by the defendant trustees that

his interest in the Trust was terminated; and that "the defendant corporation has been and is through its officers, agents and related personnel, conspiring with the defendant Trustees to restrain competition in interstate commerce, by preventing former employees of the defendant corporation from competing with the defendant corporation, and by reason of such conspiracy have actually used its employment contracts, Trust provisions in conjunction with various forms of coercive activity in an illegal manner which has resulted in an actual restraint of competition in interstate commerce by reason of defendants' monopolization and control of the availability of optical industry employees in interstate commerce."

Upon motion of defendants, the trial court dismissed the complaint, on the grounds that "an essential element of any private antitrust action under 15 U.S.C. § 15 is an explicit allegation of facts showing injury to the public as a result of the alleged antitrust violation charged," and that "there is no allegation in the instant complaint that the plaintiff has been unable to compete as a result of the alleged monopolistic practices."

Subsequently, the court denied plaintiff's motion for leave to file a second amended complaint on the ground that given the facts of this case, plaintiff could not state a cause of action under the antitrust laws.

Plaintiff appeals from the dismissal of his amended complaint and the denial of leave to file a second amended complaint.

Although plaintiff prays for relief under 15 U.S.C.A. § 2, he alleges in the body of his complaint that defendants are conspiring to restrain competition in interstate commerce. Conspiracy to restrain trade falls within the ambit of 15 U.S.C.A. § 1.

We are not unmindful of the Supreme Court's decision in Radiant Burners, Inc. v. Peoples Gas, Light & Coke Co., 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1960), in which the Court stated that "to state a claim on which relief can be granted under [section 1], allegations adequate to show a violation and, in a private treble damage action, that plaintiff was damaged thereby are all that the law requires." Id. at 660, 81 S.Ct. at 367.

Nor are we unmindful of the Court's decision in Simpson v. Union Oil Co. of Cal., 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed. 2d 98 (1963). There the lessee of a service station selling gasoline on a consignment basis lost his lease because he refused to maintain the prices established by the lessor-consignor oil company. The Court reversed the decision below that plaintiff had not alleged an actionable injury.

■ Under the Federal Rules of Civil Procedure, 28 U.S.C.A., a plaintiff is not required to allege the detailed facts which support his claim; he need only make a brief, plain statement sufficient to notify the defendant of the theory of his claim and the grounds which support it. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■■ Where, as here, plaintiff seeks an opportunity to amend his complaint in order to meet the objections stated by the trial court, we feel that he should be accorded such an opportunity. Whether such an amended complaint will state a cause of action cannot be determined unless and until such an amended complaint is filed and tested.

■■ The dismissal of a complaint for failure to state a claim is an even more stringent and summary disposition than is summary judgment. In the antitrust area, which has seen rapid and sometimes surprising development in recent years, there has developed resistance to summary disposition, at least until a full exploration of the law and the facts has been afforded. Cf. Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

In view of our disposition of this appeal, we need not now decide the question of whether the present amended com-

plaint sufficiently states a claim under the federal antitrust laws.

We think the issues here involved may be more thoroughly considered if plaintiff is granted leave to further amend his complaint.

Accordingly, the judgment of the district court is vacated and this cause is remanded to the district court with directions to grant leave to plaintiff to file a second amended complaint, and for such further proceedings as may be deemed appropriate.

Vacated and remanded.