**DATA DIGESTS, INC., Plaintiff,**

v.

**STANDARD & POOR'S CORPORATION, Defendant.**

**No. 66 Civ. 2376.**

United States District Court
S. D. New York.

Dec. 30, 1967.

Malcolm A. Hoffmann, New York City, for plaintiff Data Digests, Inc. and proposed plaintiff Kahlman Linker, Robert W. Biggar, Jr., New York City, of counsel.

White & Case, New York City, Edgar E. Barton, New York City, of counsel, Booth, Baron & Doppelt, New York City, George C. Baron, New York City, of counsel, for defendant Standard & Poor's Corp.

## OPINION

WEINFELD, District Judge.

This is a motion for leave to serve an amended complaint in an action originally commenced by Data Digests, Inc. against Standard & Poor's Corporation based upon claims of antitrust violations. The proposed amendment, among other matters, would add Kahlman Linker, president of Data Digests, Inc., as a party plaintiff. The Linker claim purports to allege, entirely separate from the claims of Data Digests, Inc., direct injury to Linker based upon Standard & Poor's activities, as a result of which plaintiff alleges he has been forced to accept salaries and compensation far below those commensurate with his creative ability and his executive responsibility, and further that, with respect to Data Digests, Inc., he has, apart from salary decreases resulting from defendant's alleged conduct, been forced to spend an unprecedented number of hours and to forego usual vacations in order to insure the survival of Data Digests, of which he is the principal stockholder. He further alleges that he has been prevented from making full and effective use of his unique skills as a creator and innovator in a field in which he is a specialist.

Defendant, challenging Linker's standing to sue, asserts that his claimed injury derives solely from his status as an employee of plaintiff and therefore fails to satisfy the "direct" injury requirement of section 4 of the Clayton Act.[1]

The "directness" requirement, essentially a test of proximate cause, has generally been applied to deny standing to sue to those whose injuries were regarded as "remote," "incidental" or "consequential" results of defendant's antitrust violations.[2] Alternatively, a plaintiff who is within the "target area" of defendant's violation has been held to have standing to sue.[3] These rules have been applied to preclude actions by stockholders,[4] creditors,[5] lessors[6] and suppli-

---

1. 15 U.S.C. § 15:
   "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * * and shall recover threefold the damages by him sustained * * *."
   The "direct" injury requirement, which does not appear in the statute, was introduced in Loeb v. Eastman Kodak Co., 183 F. 704 (3d Cir. 1910).
   § 16 of the Clayton Act, 15 U.S.C. § 26, upon which plaintiff relies for its claim for injunctive relief, has been construed to require "direct" injury just as § 4 has. See Ash v. International Business Machs., Inc., 236 F.Supp. 218 (E.D. Pa.1964), aff'd, 353 F.2d 491 (3d Cir. 1965), cert. denied, 384 U.S. 927, 86 S. Ct. 1446, 16 L.Ed.2d 531 (1966).

2. E.g., Productive Inventions, Inc. v. Trico Prods. Corp., 224 F.2d 678 (2d Cir. 1955), cert. denied, 350 U.S. 936, 76 S. Ct. 301, 100 L.Ed. 818 (1956); Loeb v. Eastman Kodak Co., 183 F. 704 (3d Cir. 1910); Schwartz v. Broadcast Music, Inc., 180 F.Supp. 322 (S.D.N.Y.1959); Snow Crest Beverages, Inc. v. Recipe Foods, Inc., 147 F.Supp. 907 (D.Mass. 1956).

3. Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358, 360 (9th Cir. 1955).

4. Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1 (9th Cir. 1963); Bookout v. Schine Chain Theatres, Inc., 253 F.2d 292 (2d Cir. 1958); Peter v. Western Newspaper Union, 200 F.2d 867 (5th Cir. 1953); Walder v. Paramount Publix Corp., 132 F.Supp. 912 (S.D.N.Y. 1955).

5. Loeb v. Eastman Kodak Co., 183 F. 704 (3d Cir. 1910); Gerli v. Silk Ass'n of America, 36 F.2d 959 (S.D.N.Y.1929).

6. Melrose Realty Co. v. Loew's, Inc., 234 F.2d 518 (3d Cir.), cert. denied, 352 U. S. 890, 77 S.Ct. 128, 1 L.Ed.2d 85 (1956); Lieberthal v. North Country Lanes, Inc., 221 F.Supp. 685 (S.D.N.Y.1963), aff'd on other grounds, 332 F.2d 269 (2d Cir. 1964); Westmoreland Asbestos Co. v. Johns-Manville Corp., 30 F.Supp. 389 (S.D.N.Y.1939), aff'd mem., 113 F.2d 114 (2d Cir. 1940). But cf. Congress Building Corp. v. Loew's, Inc., 246 F.2d 587 (7th Cir. 1957); Steiner v. 20th Century-Fox Film Corp., 232 F.2d 190 (9th Cir. 1956).

ers[7] of an injured corporation, and by a patentee suing for lost royalties resulting from injury to its licensee.[8]

While some courts have placed employees in the same category as stockholders and creditors, and consequently held them without standing to claim loss of job or earnings resulting from injury inflicted upon their employers,[9] it is by no means clear that they are barred.[10] In fact, some recent cases indicate a more flexible application of the directness requirement.[11] Relevant to this developing trend is the Supreme Court's observation that "Congress having thus pre-scribed the criteria of the prohibitions, the courts may not expand them."[12] And our court of appeals has recently stated that a "private antitrust action * * * is imbued with a public interest and is therefore favored."[13]

Whatever the current status of the causation rules may be, however, it is clear under recent cases that the causation issue should not be resolved at this stage of the action. With the matter only at the pleading stage, Linker should not be deprived of the opportunity to develop his claim.[14] He should not be

7. Volasco Prods. Co. v. Lloyd A. Fry Roofing Co., 308 F.2d 383 (6th Cir. 1962), cert. denied, 372 U.S. 907, 83 S. Ct. 721, 9 L.Ed.2d 717 (1963); Snow Crest Beverages, Inc. v. Recipe Foods, Inc., 147 F.Supp. 907 (D.Mass.1956).

8. Productive Inventions, Inc. v. Trico Prods. Corp., 224 F.2d 678 (2d Cir. 1955), cert. denied, 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818 (1956).

9. Martens v. Barrett, 245 F.2d 844 (5th Cir. 1957); Centanni v. T. Smith & Sons, Inc., 216 F.Supp. 330 (E.D.La.), aff'd, 323 F.2d 363 (5th Cir. 1963); Robinson v. Stanley Home Prods., 178 F.Supp. 230 (D.Mass.), aff'd, 272 F.2d 601 (1st Cir. 1959); Walder v. Paramount Publix Corp., 132 F.Supp. 912 (S.D.N.Y.1955); Gerli v. Silk Ass'n of America, 36 F.2d 959 (S.D.N.Y.1929); Corey v. Boston Ice Co., 207 F. 465 (D.Mass.1913).

10. See McWhirter v. Monroe Calculating Mach. Co., 76 F.Supp. 456, 460 (W.D.Mo. 1948). Cf. Dailey v. Quality School Plan, Inc., 380 F.2d 484 (5th Cir. 1967); Nichols v. Spencer Int'l Press, Inc., 371 F. 2d 332 (7th Cir. 1967); Vines v. General Outdoor Advertising Co., 171 F.2d 487 (2d Cir. 1948); Roseland v. Phister Mfg. Co., 125 F.2d 417 (7th Cir. 1942); Klein v. Sales Builders, Inc., 1950–1951 Trade Cas. ¶ 62600 (N.D.Ill.1950). See also Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358 (9th Cir. 1955).

11. See Hoopes v. Union Oil Co., 374 F.2d 480, 484–485 (9th Cir. 1967); McGarrity v. Wilson, 368 F.2d 677, 688–689 (9th Cir. 1966); South Carolina Council of Milk Producers, Inc. v. Newton, 360 F.2d 414, 418 (4th Cir.), cert. denied,

385 U.S. 934, 87 S.Ct. 295, 17 L.Ed.2d 215 (1966); State of Washington v. American Pipe & Constr. Co., 274 F. Supp. 961 (S.D.Cal.1967); Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521, 529 (S.D.N.Y.1965); American Mfrs. Mut. Ins. Co. v. American Broadcasting Paramount Theatres, Inc., 221 F. Supp. 848, 851 (S.D.N.Y.1963); New Sanitary Towel Supply, Inc. v. Consolidated Laundries Corp., 211 F.Supp. 276 (S.D.N.Y.1962).

12. Radiant Burners, Inc. v. Peoples Gas Light & Coke Co., 364 U.S. 656, 660, 81 S.Ct. 365, 367, 5 L.Ed.2d 358 (1961).

13. D'Ippolito v. Cities Serv. Co., 374 F.2d 643, 646 (2d Cir. 1967). Cf. United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167 (S.D.N.Y.1955).

14. See D'Ippolito v. Cities Serv. Co., 374 F.2d 643 (2d Cir. 1967); Schulman v. Burlington Industries, Inc., 255 F.Supp. 847 (S.D.N.Y.1966); Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521, 529 (S.D.N.Y.1965); Waldron v. British Petroleum Co., 231 F.Supp. 72, 81–87 (S.D. N.Y.1964); Automatic Radio Mfg. Co. v. Ford Motor Co., 35 F.R.D. 198 (D.Mass. 1964); American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 221 F.Supp. 848, 851 (S.D. N.Y.1963). The only recent case in this court taking a contrary view, SCM Corp. v. Radio Corp. of America, 1967 Trade Cas. ¶ 72227 (S.D.N.Y. Oct. 3, 1967), came directly under the rule of Productive Inventions, Inc. v. Trico Prods. Corp., 224 F.2d 678 (2d Cir. 1955), cert. denied, 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818 (1956), which precludes an action by a patentee for loss of royalties.

foreclosed from presenting the facts upon which he relies.[15]

As to the joinder of the McGraw-Hill Company as a party defendant, the law is clear that one who participates in and furthers wrongful conduct may also be held liable with the other alleged wrongdoer.[16]

The motion for leave to serve the proposed amended complaint is granted.

---

15. Cf. Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272 (2d Cir. 1967); Dailey v. Quality School Plan, Inc., 380 F.2d 484, 488 (5th Cir. 1967); South Carolina Council of Milk Producers, Inc. v. Newton, 360 F.2d 414 (4th Cir.), cert. denied, 385 U.S. 934, 87 S.Ct. 295, 17 L.Ed.2d 215 (1966). In the one recent court of appeals case in which standing was denied, the court conceded that there may be a trend toward appli-

cation of a less restrictive standard to avoid summary disposition, and carefully noted that in the case before it the facts and legal issues were clearly developed. Nationwide Auto Appraiser Serv., Inc. v. Association of Cas. & Surety Cos., 382 F.2d 925 (10th Cir. 1967).

16. Cf. Stanley Works v. Haeger Potteries, Inc., 35 F.R.D. 551, 553–554 (N.D.Ill. 1964); American Infra-Red Radiant Co. v. Lambert Industries, Inc., 32 F.R.D. 372, 374–375 (D.Minn.1963); Flying Tiger Line, Inc. v. Atchison, T. & S. F. Ry., 75 F.Supp. 188, 190 (S.D.Cal.1947).