The **NATIONAL RESEARCH BUREAU, INC., Plaintiff,**

v.

**Forrest L. BARTHOLOMEW, Defendant.**

Civ. A. No. 71-176.

United States District Court,
W. D. Pennsylvania.

Sept. 17, 1971.

**1004**

David C. Bruening, Webb, Burden, Robinson & Webb, Pittsburgh, Pa., for plaintiff.

William F. Coale, Robert E. Wagner, of Walsh, Case & Coale Associated, Chicago, Ill., Walter J. Blenko, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

National Research Bureau (NRB) commenced this action against defendant Bartholomew for trade mark infringement, unfair competition and other related claims. Defendant has answered and counterclaimed charging NRB with violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. We are now confronted with NRB's motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted.

Only a cursory factual statement is required since all of defendant's well pleaded facts are presumed true for disposition of this motion. Until September of 1970 defendant was engaged in the sale of NRB's humor magazine, whether as an employee or independent contractor is in dispute. Defendant approached local merchants in towns in Pennsylvania and adjoining states to sponsor the placement of plaintiff's magazine in local hospitals. The magazines each prominently displaying the sponsor's name were distributed free to the patients. In September of 1970 the plaintiff severed its relationship with the defendant. Thereupon the defendant went into business for himself, selling a magazine of the same type as plaintiff's.

Plaintiff now claims that defendant is infringing its trademark by selling a comparable magazine and that he is competing unfairly by using confidential customer lists supplied by the plaintiff. The defendant denies these claims and contends that plaintiff is conspiring to restrain trade and attempting to monopolize the market for magazines of this type.

The fact that the anti-trust charges are here asserted in a counterclaim is not material. SCM v. RCA, 407 F.2d 166, *cert. denied,* 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461, *rehearing denied,* 396 U.S. 869, 90 S.Ct. 38, 24 L.Ed.

2d 125 (1969). The test of their legal sufficiency remains the same.

"All the law requires to state a private treble damage action claim are allegations adequate to show a violation of the antitrust acts and that plaintiff has been damaged thereby." Knuth v. Erie-Crawford Dairy Coop., 395 F.2d 420 (3d Cir. 1968).

■ In construing private antitrust claims we are directed by the Supreme Court to extreme liberality, see, Radiant Burners, Inc. v. Peoples Gas Co., 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1960), Klor's v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1958), and United States v. Employing Plasterers' Ass'n, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618 (1953).

Plaintiff's attack charges that the allegation of conspiracy with an unknown person or persons is insufficient to state a claim under section 1 of the Sherman Act. Sperry Rand Corp. v. Nassau Research & Development Associates, 152 F. Supp. 91 (E.D.N.Y.1957) is cited in support of this proposition. Defendant argues that the *Sperry Rand* case dealt only with the question of whether a corporation can conspire with itself. The disputed pleading in *Sperry Rand* alleged that Sperry Rand, two of its officers and persons "not presently known" were conspirators against defendant. It was held that this was insufficient to meet the requirements for a claim under section 1 of the Sherman Act. The court noted that the previous pleading of "persons not presently known" had been dismissed. It then dismissed the counterclaim on the grounds that the addition of the names of plaintiff's officers did not cure the defect.

Plaintiff states that the counterclaim is also defective in failing to describe the agreement with specificity. It is plaintiff's contention that the counterclaim must set out the terms of the conspirators' agreement, citing United States v. North Coast Transportation Co., 7 F.R.D. 491 (W.D.Wash.1947).

Plaintiff also attacks the defendant's pleading for failure to allege effects on interstate commerce.

In regard to the section 2 charge, plaintiff contends that defendant's failure to describe plaintiff's market position is fatal.

■■ After examining the briefs of the parties, the pleadings and relevant authorities, we feel compelled to conclude that defendant's counterclaim under sections 1 and 2 of the Sherman Act must be dismissed. No matter how liberally we construe the pleading in issue, we cannot escape the simple fact that there is no indication that defendant has been damaged. Absent damage a private litigant has no cause of action under the anti-trust laws. Knuth v. Erie-Crawford Dairy Coop., 395 F.2d 420, see also United States v. Borden Co., 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903 (1953). The counterclaim is also deficient with respect to the other half of the test, i. e., it fails to allege facts that show a violation of the anti-trust laws. The counterclaim alleges that defendant and plaintiff are competing for some of the same customers. There are conclusory statements with regard to the plaintiff's intentions, but there is a dearth of any factual allegations which even inferentially would support conclusions that plaintiff has conspired or that plaintiff is attempting to monopolize.

An examination of those cases in which anti-trust complaints have been dismissed and subsequently reinstated on appeal reveals one common thread. In each of these cases the complaints contained more than mere conclusions. They also alleged specific *conduct* of the charged parties that purportedly violated the anti-trust laws, and a description of how that conduct damaged the charging party. See Norfolk Monument Co. v. Woodlawn Memorial Gardens, Inc., 394 U.S. 700, 89 S.Ct. 1391, 22 L.Ed.2d 658 (1968); Radiant Burner, Inc. v. Peoples Gas Co., 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358, Klor's v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.

**1006**

Ed.2d 741 (1958), Knuth v. Erie-Crawford Dairy Coop., 395 F.2d 420.

The instant counterclaim accuses the plaintiff of misconduct but does not inform plaintiff what has been done that constitutes such misconduct.

Plaintiff's motion to dismiss defendant's counterclaim under the anti-trust laws is granted.

It is so ordered.