**Michael BECKMAN, plaintiff-Appellant,**

v.

**WALTER KIDDE & COMPANY, Inc. and Fyre-Safety, Inc., Defendants-Appellees.**

**No. 97, Docket 35670.**

United States Court of Appeals, Second Circuit.

Argued Oct. 6, 1971.

Decided Nov. 22, 1971.

Lawrence Lauer, New York City, for plaintiff-appellant.

George J. Siegel, Gates & Laber, New York City, for defendants-appellees.

Before FRIENDLY, Chief Judge, and WATERMAN and SMITH, Circuit Judges.

PER CURIAM:

By this appeal plaintiff-appellant seeks the reversal of an order entered in the court below upon cross-motions for summary judgment. Plaintiff's action seeking Sherman Antitrust Act treble damages and attorneys' fees was dismissed.

When rendering his decision the trial judge filed a comprehensive opinion reported at 316 F.Supp. 1321 (E.D.N.Y. 1970) in which he set forth his conclusions that plaintiff had failed to raise genuine issues as to the existence of any material fact entitling plaintiff to a trial. Even though this is an antitrust case we affirm the judgment below and do so substantially for the reasons and upon the reasoning contained in that opinion.

We recognize that a court should be extremely hesitant before it grants antitrust defendants' summary judgment motions and thereby deprives an antitrust plaintiff of a trial, see Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Radiant Burners, Inc. v. People's Gas Light & Coke Company, 364 U.S. 656, 660, 81 S.Ct. 365, 5 L.Ed. 2d 358 (1961); and Klor's Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959). However, we believe it clear that here the trial judge acted quite properly in ruling against plaintiff inasmuch as the ruling was deferred until plaintiff had been given an opportunity to obtain additional evidence to support his claims.

We are constrained to note that counsel for defendants-appellees did not file a brief or choose in any way to assist the court in the determination of the appeal.