**ELEKTRA INDUSTRIES, INC., a Delaware corporation, and Timeshare Network Corporation, an Illinois corporation, Plaintiffs,**

v.

**HONEYWELL, INC., a Delaware corporation, and National Computer Franchise Corporation, a Delaware corporation, Defendants.**

**No. 71 C 380.**

United States District Court,
N. D. Illinois, E. D.

Jan. 17, 1973.

---

Keehn Landis, Chapman & Cutler, Chicago, Ill., for plaintiffs.

Glenn W. McGee, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., John Furlong, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for reconsideration of this Court's order of August 28, 1972. The defendant has requested this Court to amend its order of August 28, 1972 by either dismissing the instant action for want of jurisdiction over the subject matter, or certifying for interlocutory appeal the denial of such a motion pursuant to 28 U.S.C. § 1292(b).

The plaintiffs' filed their complaint on February 10, 1971 against defendants Honeywell, Inc. ("Honeywell"), and National Computer Franchise Corporation ("National") based upon alleged violations of §§ 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2), and other pendent common law wrongs.

The jurisdiction of this Court is based on § 4 of the Sherman Act (15 U.S.C. § 4); §§ 4, 12, and 16 of the Clayton Act (15 U.S.C. §§ 15, 22 and 26); and § 1337 of the Judicial Code (28 U.S.C. § 1337).

In the complaint, plaintiffs allege, *inter alia*, the following facts. During mid-October, 1969, Honeywell and National entered into an unlawful combination, conspiracy and agreement for the primary objective of monopolizing the business of computer timesharing and other electronic data processing services. This agreement caused irreparable damage to the plaintiffs and eliminated them as vendors of the specialized H–1648 timesharing services in the greater Chicago metropolitan area. This alleged unreasonable restraint of trade permitted National Computer Network of Chicago, Inc. and Honeywell's Information Services Division to be the sole H–1648 timesharing vendors in this geographic area or in a 500-mile radius of Chicago, Illinois.

National agreed to settle plaintiff's claim and was dismissed by order of this Court, dated March 28, 1972.

On August 28, 1972, this Court entered an order denying Honeywell's motion to dismiss, or for summary judgment for want of jurisdiction over the subject matter, stating that

"The Court having examined the exhibits and memoranda presented thereto, and being fully advised on the premises that such exhibits and memoranda disclose issues of material fact in the instant case."

The defendant Honeywell, in support of its motion for reconsideration, contends:

1. While the existence of genuine issues of fact may preclude a motion for summary judgment under Rule 56(b), F.R.Civ.P., the existence of such an issue of fact is not dispositive of a motion

to dismiss for want of jurisdiction under Rule 12(b)(1).

2. Plaintiffs have the burden of establishing jurisdiction. The alleged small market share of Honeywell in either computer timesharing or any other aspect of a relevant product or geographic market conclusively negates any possibility of finding jurisdiction under either §§ 1 or 2 of the Sherman Act.

■ It is the opinion that this Court that the order of August 28, 1972 was proper and that the plaintiffs have appropriately met the requirements for jurisdiction in this Court. It is well settled that a motion to dismiss for want of jurisdiction over the subject matter may be decided in a summary proceeding on affidavits and other matters outside the pleadings. Pintozzi v. Scott, 436 F.2d 375 (7th Cir. 1970); Troup v. McCart, 238 F.2d 289 (5th Cir. 1956); Broadstone Realty Corp. v. Evans, 213 F.Supp. 261 (S.D.N.Y.1962).

*I. Jurisdiction Under § 1 of the Sherman Act*

■ For an aggrieved party to state an anti-trust claim within the jurisdiction of the federal courts, all that need be alleged is a *per se* violation of the Sherman Act which damaged the plaintiff personally. Standard Oil Company of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619 (1911); Radiant Burners, Inc. v. Peoples Gas, Light and Coke Company, 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961). Under § 1 of the Sherman Act "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." Standard Oil Company of New Jersey v. United States, *supra*, 221 U.S. at 59, 31 S.Ct. at 515. Thus, when a *per se* violation of § 1 of the Sherman Act is alleged, there is no need, contrary to the contention of the defendant, to show market dominance in order to meet the jurisdictional requirements of the Sherman Act. *See*

Standard Oil of New Jersey v. United States, *supra*; United States v. Socony Vacuum Oil Company, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); United States v. General Motors Corp., 384 U.S. 127, 86 S.Ct. 1321, 16 L.Ed.2d 415 (1966); Fortner Enterprises, Inc. v. United States Steel Corp., 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969). The plaintiffs have sufficiently alleged a *per se* violation of the Sherman Act in claiming an agreement, combination and conspiracy by the defendants to restrain trade to the detriment of the plaintiffs.

*II. Jurisdiction under § 2 of the Sherman Act*

■ Further, as to the alleged § 2 violation involving monopolization, when a jurisdictional issue is inextricably intertwined with the merits of an anti-trust case, as in the instant action, a court should not decide summarily the jurisdictional issue, but rather should await trial on the merits. McBeath v. Inter American Citizens for Decency Committee, 374 F.2d 359 (5th Cir. 1967), cert. denied, 389 U.S. 896, 88 S.Ct. 216, 19 L. Ed.2d 214 (1968). Where jurisdictional issues are inextricably intertwined with the merits of the case it is proper for the court to deny a motion to dismiss or for summary judgment for want of subject matter jurisdiction on the basis that there are genuine issues of fact, the resolution of which will not only affect jurisdiction but also the very merits of the case. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); McBeath v. Inter American Citizens for Decency Committee, *supra*.

■ It was thus proper and appropriate for this Court to deny the defendants motion to dismiss or for summary judgment for want of subject matter jurisdiction because: (1) this Court has jurisdiction over the instant action in that the plaintiff has alleged a *per se* violation under § 1 of the Sherman Act which damaged the plaintiff personally; (2) there is jurisdiction over the alleged § 2 Sherman Act violation in that the

jurisdictional issue is intertwined with the merits of the case; and (3) there are genuine issues of material fact.

■■ This Court's order of August 28, 1972 was in keeping with the expressed federal court policy that the dismissal of alleged *per se* violations should be granted sparingly. South Carolina Council of Milk Producers, Inc. v. Newton, 360 F.2d 414 (4th Cir. 1966), cert. denied, 385 U.S. 934, 87 S.Ct. 295, 17 L. Ed.2d 215. Since this Court's order of August 28, 1972 was proper, and in accordance with the long history of judicial interpretation of the Sherman Act, there exists no sufficient reason to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Gottesman v. General Motors Corp., 268 F.2d 194 (2nd Cir. 1959); Seven-Up Company v. O-So Grape Co., 179 F.Supp. 167 (S.D.Ill.1959), aff'd 283 F.2d 103 (7th Cir. 1960), cert. denied, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961).

Accordingly it is hereby ordered that the defendants motion to reconsider and amend the order of August 28, 1972 or to certify the order under 28 U.S.C. § 1292(b) is denied.