**John WILSON and Jeffery A. Wilson, Plaintiffs,**

v.

**I. B. E. INDUSTRIES, INC., a Texas Corporation, et al., Defendants.**

**Civ. No. 2061.**

United States District Court,
E. D. Texas,
Sherman Division.

Nov. 20, 1973.

Darrell L. Keith, Meier, Keith & Adams, Hurst, Tex., for plaintiffs.

William P. Philips, Jr., Coleman, Whitten & Philips, Denton, Tex., Patrick F. McGowan, Strasburger, Price,

Kelton, Martin & Unis, Dallas, Tex., for defendant, I. B. E. Industries, Inc.

## MEMORANDUM OPINION

JOE J. FISHER, Chief Judge.

This case involves an alleged violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Defendant owned and furnished gasoline and related products to a number of Texaco gasoline stations in Denton, Texas. Plaintiffs operated one of these stations for the Defendant under an oral agreement as a tenant at will.

Plaintiffs testified at the trial of this case that representatives of the Defendant Corporation tried to persuade the Plaintiffs to cease doing business with two local automobile dealerships. Representatives of the Defendant testified to the effect that the Plaintiffs were not told to stop doing business with anyone, rather, they were requested to generally clean up the station and keep the service driveway of the station accessible to customers.

It is undisputed that at no time did the Plaintiffs and the Defendant enter into any type of an agreement to limit sales in any way, neither did the Defendant enter into any type of an agreement with any other party relative to any type limitation or restriction on Plaintiffs' sales. It is Plaintiffs' position in this regard that the mere statement by an agent of the Defendant that the Plaintiffs should stop doing business with the automobile dealerships and the subsequent refusal of the Plaintiffs to engage in such suggested activity constitutes, in and of itself, a "conspiracy" under the Sherman Act, Section 1.

Eventually, Defendant Corporation stopped selling gasoline to the Plaintiffs and requested them to leave the station. Plaintiffs then brought this suit alleging damages resulting from the Defendant's violation of 15 U.S.C. § 1. This case was tried to a jury in Sherman, Texas, which trial resulted in a six to six hung jury. The Defendant filed a Motion for Judgment.

The first question which must be determined and the question now before this Court, upon which this case turns, is whether or not there existed a conspiracy, combination or contract as required by Section 1 of the Sherman Act. Without this element there can be no Sherman Act Section 1 violation.

██ Taking the Plaintiffs' allegations as true and assuming that the Defendant did seek to prevent Plaintiffs from doing further business with the automobile dealerships, Plaintiffs admitted refusal to in any way comply with the requests negates any possible contract, combination or conspiracy in restraint of trade. The Court should have granted Defendant's Motion for Directed Verdict at the close of all of the evidence and before submitting the case to the jury. South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 774 (6th Cir., 1970); Ford Motor Co. v. Webster's Auto Sales, Inc., 361 F.2d 874, 878 (1st Cir., 1966).

██ Plaintiffs were tenants at will, the tenancy stemming from an oral agreement, and as such, the Defendant had complete freedom under the antitrust laws to unilaterally deal with or refuse to deal with the Plaintiff tenants as the Defendant pleased. Bushie v. Stenocord Corp., 460 F.2d 116 (9th Cir., 1972); Anaya v. Las Cruces Sun News, 455 F.2d 670 (10th Cir., 1972); Beckman v. Walter Kidde & Co., Inc., 316 F.Supp. 1321 (E.D.N.Y., 1970), aff'd, 451 F.2d 593 (2nd Cir., 1971).

██ Since, as a matter of law, there exists no contract, combination or conspiracy in restraint of trade, it is unnecessary to decide any other questions of law present in the case. Whether or not the Plaintiffs were treated fairly and equitably by the Defendant regarding their abrupt termination is not an issue governed by Section 1 of the Sherman Act and the basic rightfulness of the Plaintiff's termination is not passed upon in this opinion.

Defendant's Motion for Judgment is granted.