**ESSEX INTERNATIONAL, INC.,**
**Plaintiff,**

v.

**INDUSTRA PRODUCTS, INC.,**
**Defendant.**

**Civ. No. 73 F 52.**

United States District Court,
N. D. Indiana,
Fort Wayne Division.

Feb. 21, 1974.

Edward D. Downing, Fort Wayne, Ind., Sheldon W. Witcoff, Chicago, Ill., Douglas E. Miller, Fort Wayne, Ind., for plaintiff.

Roger M. Rickert, Albert L. Jeffers, Fort Wayne, Ind., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ESCHBACH, District Judge.

This patent infringement action is now before the court upon plaintiff-counterdefendant's consolidated motions to strike defendant-counterclaimant's fifth affirmative defense and to dismiss counts 2 and 3 of defendant-counterclaimant's counterclaim. For the reasons stated below, the motion to strike will be denied and the motion to dismiss will be granted in part and denied in part.

For the purpose of considering the instant motions, the extensive facts of this case may be summarized as follows. Plaintiff, Essex International, Inc., asserts rights as assignee of a patent for a certain electrical device (coil winding and transfer apparatus). Defendant-counterclaimant Industra Products, Inc., was the assignee of a patent application for the same invention. In an interference proceeding before the Board of Patent Interferences, the original patentee, Essex International's assignor, was awarded priority of invention as a result of a proper disclaimer by both the challenging applicant and his assignee of record (apparently Industra Products).

Essex International's complaint alleges that Industra Products has infringed its patent. In response, Industra Products has filed an answer containing, *inter alia,* seven affirmative defenses as well as a counterclaim in three counts.

### THE MOTION TO STRIKE

Industra's fifth affirmative defense asserts that the patent upon which Essex International relies is unenforceable by reason of plaintiff's "fraudulent and inequitable conduct before the Courts and toward the public." The fraudulent conduct is said to arise from assertion of the patent despite plaintiff's awareness of prior use, sale, and public knowledge of the invention involved.

In support of its motion to strike, plaintiff urges that defendant's fifth affirmative defense is not stated with sufficient particularity. However, Fed.R. Civ.P. 9(b), upon which plaintiff relies, is not to be read in isolation; rather, it is to be read in conjunction with the provisions of Fed.R. Civ.P. 8, which call for short and plain statements of claims. *Cf.* Gilbert v. Clark, 13 F.R.D. 498 (D.Mass.1952).

It does not require a strained interpretation of the pleadings to conclude that defendant's fifth affirmative defense, described above, makes manifest the circumstances constituting the alleged fraud. Thus, in the context of this complicated litigation, the challenged defense is sufficiently specific to meet the standards of Fed.R.Civ.P. 9(b). Moreover, as a practical matter, it is evident that considerable detailed information related to the alleged fraud has been disclosed in the response to plaintiff's interrogatories which Industra Products filed on November 8, 1973. If plaintiff Essex International deems these responses inadequate, it may take appropriate action under the rules governing discovery.

### THE MOTION TO DISMISS

Essex International's second motion is directed to counts 2 and 3 of defendant's counterclaim. Both counts are based on § 4 of the Clayton Act, 15 U.S.C. § 15, the treble damages provision, which confers a private right of action on a party who is injured "in his business or property by reason of anything forbidden in the antitrust laws."

The motion to dismiss, like plaintiff's motion to strike, must be considered in light of the standards set forth in Fed.R. Civ.P. 8, for the pleading requirements of that rule are fully applicable to antitrust cases. Elwonger v. Career Academy, Inc., 54 F.R.D. 85 (E.D.Wis.1971). Moreover, the design of § 4 of the Clayton Act is to encourage private litigants to supplement governmental enforcement of the antitrust laws. Thus, the claimant in a private treble damages action is only required to advance allegations adequate to show a violation of the antitrust laws with resulting injury to the claimant. Radiant Burners, Inc. v. Peoples Gas Light & Coke Co., 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961); Knuth v. Erie-Crawford Dairy Coop. Association, 395 F.2d 420 (3d Cir. 1968). Plaintiff-counterdefendant does not support its implied premise that these principles and goals are inapposite here because the antitrust issues have been raised by way of counterclaim.

However, it is noteworthy that Rule 8(a), which calls for a short and plain statement of a claim, establishes two interrelated aspects of notice pleading: conciseness and understandability. Neither of these requirements should be overemphasized or applied to the exclusion of the other; rather, they should be read together and applied with due regard for the nature of the case at hand. Thus, in potentially complicated litigation, and particularly in cases involving violations of the antitrust laws, a claimant should go beyond the "short" requirements of Rule 8 if that is necessary to set forth a "plain" or understandable claim. See, e. g., Kirihara v. Bendix Corporation, 306 F.Supp. 72

**364**

(D.Haw.1969). While the line between matters which are appropriately pleaded (as opposed to those which are better left for later stages of the proceedings) is not distinct, a pleader should make a clear and coherent presentation of factual allegations within the framework of the statute relied upon.

In count 2 of its counterclaim, defendant Industra Products alleges that plaintiff Essex International has knowingly used an invalid patent to exclude defendant from the market for coil winding and transfer apparatuses in the United States by attempting to coerce defendant to become a licensee. It is further alleged that plaintiff has used said patent as a ground for harrassing and otherwise unfounded suit. These actions are said to have been taken in furtherance of plaintiff's actual and attempted monopolization in the described market in violation of § 2 of the Sherman Anti-Trust Act, 15 U.S.C. § 2.

■ However, these allegations of use of a patent for exclusionary purposes are, of themselves, insufficient in light of the considerations outlined above. They do not state in realistically definitive terms the existence of monopoly power (through market share or otherwise) or the existence of a dangerous proximity to achievement of monopoly. Keco Industries, Inc. v. Borg-Warner Corporation, 334 F.Supp. 1240 (M.D. Pa.1971). Repetition of the statutory terms is inadequate to the task. The pleadings must, at the least, allege facts which indicate that the purported offender is doing one of the things prohibited by the statute. *Cf.* Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1 (9th Cir. 1963).

■ The substantive portion of count 3 of the counterclaim is broader in scope than count 2 and is based on §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and § 7 of the Clayton Act, 15 U.S.C. § 18. The factual allegations are intermingled, but generally it is asserted that plaintiff-counterdefendant violated the cited statutes by acquiring Fort Wayne Tool, Die & Engraving Company, "already dominant" in the coil winding and transfer apparatus market, and that plaintiff-counterdefendant acquired the patent on which the original claim is based for use in its monopolistic plan.

Section 1 of the Sherman Act proscribes contracts, combinations, and conspiracies in restraint of trade. There are no allegations in count 3 of the counterclaim from which offenses falling into any of these categories can be inferred. Furthermore, with respect to § 2 of the Sherman Act, it is fair to say that count 3 suffers from the same infirmities discussed above in relation to count 2.

There remain for consideration those aspects of count 3 founded on § 7 of the Clayton Act, which is concerned with a corporation's acquisition of the whole or part of the assets of another corporation when the result may be a substantial lessening of competition or a tendency to create a monopoly.

As an initial matter, it appears that the patent discussed herein was not an asset of the allegedly acquired corporation and it is therefore unrelated to count 3 insofar as that count relies on § 7 of the Clayton Act.

Omitting extraneous matter, the § 7 portion of count 3 states that Essex International, with an undefined, pre-existing involvement in the coil winding and transfer apparatus market, has acquired a company already dominant in the "field." This acquisition allegedly leaves as independant competitors only companies which are "much smaller than the acquiring company" and presumably smaller than the acquired "dominant" company. It is further asserted that the result of the acquisition will be lessened competition in the market and, by implication, that there will be injury to the smaller companies, among which Industra Products seems to count itself. While lacking in clarity and organiza-

tion, these allegations are minimally sufficient for the purposes of a motion to dismiss when they are viewed against the background of a statutory offense defined in terms of probabilities and tendencies.

### ORDER

Accordingly, it is ordered that the motion to strike filed by plaintiff Essex International, Inc., be and it hereby is denied. It is further ordered that the motion to dismiss filed by plaintiff-counterdefendant Essex International, Inc., be and it hereby is granted as to count 2 of the counterclaim of defendant Industra Products, Inc., and count 2 is dismissed. With respect to count 3 of the counterclaim, plaintiff-counterdefendant's motion to dismiss is granted as to those portions based on §§ 1 and 2 of the Sherman Anti-Trust Act and denied as to those portions based on § 7 of the Clayton Act. Defendant is directed to amend its counterclaim to comply with this order within a period of twenty (20) days from the date of entry of this order.