**BEST ADVERTISING CORPORATION,**
Plaintiff,

v.

**ILLINOIS BELL TELEPHONE COMPA-
NY, and the Reuben H. Donnelley
Corporation, Defendants.**

**Civ. A. No. RI–61.**

United States District Court
S. D. Illinois, N. D.

April 23, 1964.

Peter Denger, Rock Island, Ill., for plaintiff.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendants.

MERCER, Chief Judge.

Plaintiff, Best Advertising Corp., filed this complaint pursuant to the provisions of Section 4 of the Clayton Act, 15 U.S.C. § 15, for treble the amount of damages allegedly sustained by plaintiff as a result of defendants' alleged violation of Section 1 and 2 of Sherman Antitrust Act. 15 U.S.C. §§ 1, 2. The defendants, Illinois Bell Telephone Company and The Reuben H. Donnelley Corporation, filed their motion to dismiss the complaint upon the ground that the complaint fails to state a cause of action against the defendants or either of them. Hereinafter, for convenience, the defendants are sometimes referred to as Bell and Donnelley, respectively.

The facts alleged by the complaint, which are taken as true for the purpose of disposition of this motion, are summarized as follows. Defendant, Bell, is an Illinois corporation engaged in the operation of a system to provide telephone service for Illinois subscribers in interstate commerce. As a part of that service, Bell provides each of its telephone subscribers in each of a number

of service areas with a telephone directory. Each such directory contains a yellow-page section devoted to the classified listing and advertisements of Bell's business subscribers. Each such directory provided by Bell is, and remains, the property of Bell. Bell's system is a part of an integrated nationwide system for the transmission of telephone communications.

Defendant Donnelley is a Delaware corporation engaged in the business, among others, of publishing telephone directories. Bell has entered into a contract with Donnelley under which Donnelley is authorized to solicit yellow-page advertising from Bell's subscribers. Acting pursuant to that contract, Donnelley contacts all business subscribers directly in each area annually to obtain yellow-page listings and advertising. The cost of such advertising obtained by Donnelley and included in the yellow-pages is billed monthly by Bell to its several subscribers. Such yellow-page advertising is not regulated by the Federal Communications Commission or by any other governmental regulatory agency. Rates for such advertising are not uniform, but vary from community to community and from year to year as the same are fixed by Bell.

Bell has a public monopoly in telephone communications in the areas which it serves and, thus, there is only one telephone directory issued in each such area served by Bell.

Plaintiff is an Illinois corporation organized for the purpose of obtaining advertising for plaintiff's customers in the yellow pages, or classified section, of the telephone directories furnished by Bell to its telephone subscribers. In 1962, plaintiff opened an advertising agency for the purpose of handling yellow-page advertising for various business telephone subscribers, with the alleged object of giving to such subscribers the same advertising service at a substantial cost reduction. In the course of that operation in 1962, plaintiff submitted advertisements of its clients to Donnelley for inclusion in Bell's Rockford telephone directory. Donnelley refused to accept such advertising from plaintiff and refused to deal with plaintiff with respect to yellow-page advertising for the Rockford directory. Thereafter, plaintiff's clients in the Rockford area were compelled to deal directly with Donnelley to obtain such advertising.

In 1963, plaintiff obtained contracts from various persons for advertising in the yellow pages of Bell's East Moline-Moline-Rock Island, Illinois, telephone directory. Such advertising contracts were submitted to Donnelley but Donnelley refused to accept them and refused to deal with plaintiff. Because Donnelley refused to accept advertising solicited by plaintiff, plaintiff had to discontinue its business.

The complaint alleges that the telephone subscribers which plaintiff sought to represent were injured by defendants' policies because Donnelley refused to accept advertising from Agents representing Bell's subscribers when acceptance of such advertising would result in financial loss to Donnelley. It is further alleged that the intent of the defendants to maintain an unlawful monopoly and unlawful restraint of trade is shown by the facts alleged because acceptance of advertising submitted by plaintiff would have resulted in the saving to clients of the plaintiff. Finally, the complaint alleges that the plaintiff sustained actual damages in the amount of $1,250,000.00 in the premises, and judgment is prayed for treble that amount of damages.

■■ It is apparent that this complaint fails to allege any violation of the Sherman Act. Absent any design to create a monopoly, the act does not restrict the right of any private business man to exercise his discretion as to parties with whom he will deal. Lorain Journal Co. v. United States, 342 U.S. 143, 155, 72 S.Ct. 181, 96 L.Ed. 162; United States v. Colgate & Co., 250 U.S. 300, 307, 39 S.Ct. 465, 63 L.Ed. 992. The sum total of plaintiff's complaint is that Donnelley refused to deal with the plaintiff, although as it is alleged, plaintiff's clients would have achieved a substan-

tial savings over the rates paid in their direct dealing with Donnelley. Thus, the only charge is that Donnelley chose not to deal with plaintiff.

I think it must be conceded that Donnelley does have a monopoly of yellow-page advertising in areas served by the defendant Bell. That monopoly, however, is a natural incident of Bell's public utility character, as a result of which it is granted monopoly status in areas which it serves under the statutes of the United States and the action of the Federal Communications Commission. 47 U.S.C. § 151 et seq. Although the advertising aspect of the business does not partake of a public utility character, nevertheless the directories of which the yellow-page advertising is a part are a normal and necessary part of Bell's public utility operation. It is not alleged, that defendants are attempting to monopolize all advertising in the areas in issue or that either defendant has done anything except refuse to deal with plaintiff.

Moreover, it is apparent upon the face of the complaint that neither of the parties is in competition with either of the other parties, thus, Donnelley's refusal to deal with the plaintiff does not have any tendency whatsoever to stifle competition.

The cases upon which plaintiff relies in its argument against this motion are clearly distinguishable. Lorain Journal Co. v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162, was a suit against a newspaper publisher which was so operating its newspaper and gearing its advertising practices to the purpose of forcing a competing radio station to go out of business. Klor's Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741, was a situation involving a combination of manufacturers and distributors of electrical appliances with Hale, a chain retailer of electrical appliances, designed to give Hale a monopoly advantage over Klor's and other independent retailers in the field. Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456, was a suit predicated upon the practice of the National Football League of blacklisting players and precluding such players from obtaining employment with any team or group affiliated with the National Football League. The complaint in that case alleged the further purpose on the part of the National League to force the competing All American Football Conference out of existence. United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, sustained an indictment charging a conspiracy to monopolize all insurance business in several southern states through the means of coercion and intimidation exercised against non-southeastern agents and companies and against any members of the purchasing public who sought to deal with non-southeastern insurance agents. Indiana Farmer's Guide Publishing Co. v. Prairie Farmer Publishing Co., 293 U.S. 268, 55 S.Ct. 182, 79 L.Ed. 356, involved a combination of farm periodical publishers employing advertising practices which were intended to, and which tended to, erase Indiana Farmer's Guide as a competing publication.

The distinction of all of those cases from this complaint is obvious. This case involves, purely and simply, an attempt by plaintiff to profit through Donnelley's advertisers at Donnelley's expense. Of course, Donnelley might have chosen to deal with plaintiff. It might also have made the choice which it did make and it may refuse to deal with the plaintiff without thereby violating the Sherman Act. See e. g., United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992; La Rouche v. United Shoe Mach. Co., D.Mass., 166 F.Supp. 633, 635; Alexander v. Texas Co., W.D.La., 149 F.Supp. 37.

Plaintiff's argument that the contract between Bell and Donnelley must be interpreted as violative of the Act is wholly untenable. It is purely and simply a contract authorizing Donnelley to contract for and publish advertising in Bell's directories.

Judgment will be entered dismissing this complaint.